[No. 34122.   Department One.   May 23, 1957.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE OWEN, *Appellant*.[1]

[1]Reported in 311 P. (2d) 415.

*Roy E. Jackson* and *Thor P. Ulvestad*, for appellant.

*The Attorney General* and *Bernard A. Johnson, Assistant*, for respondent.

RoSELLINI, J.—This is an appeal by a workman, who sustained injuries covered under the workmen's compensation act, from a judgment of the superior court for King county, decreeing that he should refund to the department of labor and industries the payments which he had received on account of time loss and medical expenses. The facts in the case are undisputed; the only question is whether they support the judgment.

On February 18, 1954, the appellant, employed as a slingman for Griffiths & Sprague Stevedoring Company, sustained severe injuries when his gloved hand was caught in a winch, which lifted him into the air and dropped him to the dock. On March 4, 1954, a report of accident was filed with the department of labor and industries and the claim was allowed. Thereafter the appellant received monthly time loss compensation to and including November 7, 1954, in a total amount of $1,177.50. The medical bills paid on his behalf amounted to $1,909.68.

During the month of September, 1954, the appellant commenced an action against Coastwise Lines Inc., owner of the vessel which the appellant was loading when the accident occurred, seeking to recover the sum of $45,000, as the result of his injuries sustained through the alleged negligence of that defendant in the use of defective equipment. The department had no knowledge of this action or that a third party suit was contemplated until it was so informed by the

defendant's attorney on November 30, 1954. Upon learning of the suit, the department suspended all further payments of time loss compensation and payment of further medical bills, pending the outcome of that litigation.

On June 13, 1955, one of the attorneys for the appellant informed the department that the action had been compromised and settled for the sum of $22,500. Demand was thereupon made upon the appellant to reimburse the department for the time loss compensation awards and the payment of medical bills. When the demand was refused, this suit was instituted and culminated in a judgment in favor of the state for the full amount demanded.

The court's decision was based upon the provisions of RCW 51.24.010, which reads:

"If the injury to a workman is due to negligence or wrong of another not in the same employ, the injured workman or, if death results from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this title or seek a remedy against such other, such election to be in advance of any suit under this section and, if he takes under this title, the cause of action against such other shall be assigned to the state for the benefit of the accident fund; if the other choice is made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected and the compensation provided or estimated by this title for such case: . . . Any compromise by the workman of any such suit, which would leave a deficiency to be made good out of the accident fund may be made only with the written approval of the department."

The appellant admits that this section requires the assignment of a workman's cause of action against a third party if he elects to take under the act, but maintains that he is not required to return the benefits he has received, because the act does not provide for this penalty where a workman has failed to comply with its provisions.

It is true that no express penalty is provided, but the right to take under the act is conditioned upon the assignment of the cause of action; and if the workman, instead of complying with the statutory provisions, accepts compensa-

tion under the act and, at the same time, pursues his remedy against a third party, he has received benefits to which he is not entitled and should make restitution.

In *Harvey v. Chas. R. McCormick Lbr. Co.*, 149 Wash. 368, 271 Pac. 65, we held that a workman who did not know that he had a claim against a third party at the time he filed his claim with the department and accepted medical aid and compensation, had not made a binding election as to his remedy and was entitled to return the payments he had received and sue the third party. We further held that there can be no election to take under the act without an assignment, either actual or by operation of law, of the cause of action.

The appellant having failed to assign his cause of action and having chosen to pursue his separate remedy without the consent of the department, it must be held that his purported election to take under the workmen's compensation act was ineffective, and therefore he must reimburse the department for the funds which he received.

But the appellant argues that if he is obliged to return any of the money he received from the department, he is liable only for the payments he received out of the accident fund. It is true that we have interpreted this statute as allowing the state to recover from a third party only an amount sufficient to indemnify it for the charge made against the accident fund. *State v. Cowlitz County*, 146 Wash. 305, 262 Pac. 977. However, in this instance the state is not proceeding against a third party for indemnification, but is suing a workman for restitution of funds which he accepted without having complied with the statute. Under the statute, if the workman elects to pursue another remedy, he is not entitled to take under the act unless the recovery obtained against the third person is less than the amount provided as compensation under the act, and then only in the event the third party action has proceeded to final judgment or has been compromised with the approval of the department. Neither of these circumstances is present here.

The judgment is affirmed.

HILL, C. J., MALLERY, FINLEY, and OTT, JJ., concur.