[No. 34646. Department Two. August 21, 1958.]

JAMES W. BRADLEY, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

[1]Reported in 329 P. (2d) 196.

Houghton, Cluck, Coughlin & Henry, Paul Coughlin, and Emil P. Schubat, for appellant.

The Attorney General, Wing C. Luke and Robert O'Gorman, Assistants, for respondent.

ROSELLINI, J.—The appellant was injured on August 10, 1954, while engaged in extrahazardous employment, and filed a claim with the department of labor and industries August 17, 1954. Thereafter he elected to pursue his common law remedy against the third party who was responsible for the accident. He received no compensation or payment of medical expenses from the department. His tort action resulted in a compromise, whereby he received $68,500, an amount admittedly far in excess of the compensation provided by the workmen's compensation act. After the settlement which was made with the approval of the department, the appellant filed his claim for payment of medical expenses, which was rejected. The board of industrial insurance appeals confirmed the action of the department, and on appeal to the superior court, the decision of the board was affirmed without opinion. This appeal followed.

The sole question involved in the case is: Is a workman claimant who recovers damages for personal injuries from a third-party tort-feasor, in excess of the compensation provided by the workmen's compensation act (RCW Title 51),

entitled to receive payment of his medical and hospital expenses from the medical aid fund?

In State v. Owen, 50 Wn. (2d) 361, 311 P. (2d) 415, a workman who had received benefits under the act and at the same time brought suit against a third party, was sued by the state for restitution of the compensation and medical payments he had received, on the theory that, by failing to assign his cause of action to the state and pursuing that remedy himself, he had elected not to take under the act. He contended that, even if he was obliged to restore the compensation payments which he had received, he was not required to repay the sums received for medical expenses. In answer to this argument, this court said:

"Under the statute, if the workman elects to pursue another remedy, he is not entitled to take under the act unless the recovery obtained against the third person is less than the amount provided as compensation under the act, and then only in the event the third party action has proceeded to final judgment or has been compromised with the approval of the department. Neither of these circumstances is present here."

The decision would seem to be controlling of the question presented in this case; however, the appellant urges that the matter be reconsidered, as he feels that his interpretation of the act was not adequately argued before the court in State v. Owen, supra.

The pertinent statutory provisions are:

"Each workmen . . . injured in the course of his employment . . . shall receive out of the accident fund compensation in accordance with [this chapter] . . . and, except as in this act otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever." Laws of 1949, chapter 219, § 1, p. 714 [cf. RCW 51.32.010].

"Upon the occurrence . . . of any injury to a workman entitled to compensation under the provisions of [this act], he shall receive in addition to such compensation, and out of the Medical Aid Fund, proper and necessary medical and surgical services . . . and proper and necessary hospital care and services during the period of his disability

from such injury . . ." Laws of 1943, chapter 186, § 2, p. 579 [cf. RCW 51.36.010].

". . . A workman, whose injury is of such short duration as to bring him within the provisions of . . . subsection (4) of RCW 51.32.090 . . . [providing that no time-loss compensation shall be paid for the day on which the injury occurred or the three days following the same] shall nevertheless receive during the omitted period medical, surgical and hospital care and service and transportation under the provisions of this chapter." Laws of 1951, chapter 236, § 6, p. 750 [cf. RCW 51.36.020].

". . . if the injury to a workman is due to the negligence or wrong of another not in the same employ, the injured workman . . . shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section; and if he take under this act, the cause of action against such other shall be assigned to the state for the benefit of the accident fund; if the other choice is made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected, and the compensation provided or estimated by this act for such case: . . . Any compromise by the workman of any such suit, which would leave a deficiency to be made good out of the accident fund, may be made only with the written approval of the department." Laws of 1939, chapter 41, § 2, p. 123 [cf. RCW 51.24.010 (prior to 1957 amendment)].

Except for changes, which are not material to the question in this case, the provisions of RCW 51.24.010 were part of the original workmen's compensation act (Laws of 1911, chapter 74, p. 345), and there was no provision for medical benefits under the act until 1917 (Laws of 1917, chapter 28, p. 76).

It is the theory of the appellant that any workman injured in extrahazardous employment is entitled to receive compensation and therefore is entitled to receive his medical expenses. It is the theory of the department, on the other hand, that a workman injured in extrahazardous employment is not always entitled to receive compensation, that one who elects to sue a third party is not so entitled, and

consequently is not entitled to medical payments unless his recovery is less than the compensation provided by the act.

■■ We cannot agree with the appellant's reading of the act, to the effect that each injured workman is entitled to compensation, regardless of whether his injury is of sufficient duration to render him eligible and regardless of whether he elects to pursue his remedy against a third party. Nor does it appear that the legislature so understood the provisions of the act in 1917, when the amendment providing for medical aid was enacted. Had the legislature intended that medical payments should be made in the case of every injured workman, whether or not he elected to take under the act, presumably an exception would have been made in his favor, as it was in the case of the workman who is not entitled to compensation by reason of the short duration of his disability. RCW 51.36.020 not only clarifies the meaning of the expression "entitled to compensation" as used in RCW 51.36.010, by acknowledging that unless an exception was made in favor of the latter, he would not qualify for medical payments, but it also makes it apparent that no other exception was intended. This conclusion is rendered necessary by the familiar rule of statutory construction that the express mention of one thing will be taken to imply the exclusion of another thing, *expressio unius est exclusio alterius*. *Ramsay v. Department of Labor & Industries*, 36 Wn. (2d) 410, 218 P. (2d) 765.

■■ The appellant urges that because that provision of the 1911 act which is now codified as RCW 51.24.010, was not amended in 1917 to include the medical aid fund as a beneficiary of the assigned cause of action, it must be concluded that the legislature did not intend to make the claimant's right to medical aid subject to the provisions of that section. But we do not think that this omission, which may well have been an oversight, compels such a conclusion. The amendment was intended to be and is an integral part of the workmen's compensation act, and unless its provisions are in conflict with the pre-existing legislation, effect

should be given to the whole. It is a settled rule of statutory construction that an original act and an amendment to it should be read and construed as one law passed at the same time. *McClure v. United States*, 95 F. (2d) 744, certiorari granted 305 U. S. 582, 83 L. Ed. 367, 59 S. Ct. 76, affirmed 305 U. S. 472, 83 L. Ed. 296, 59 S. Ct. 335. See McCaffrey, Statutory Construction (1953) 164, § 81.

RCW 51.24.010 provides that one having a right of action against a third person "shall elect whether to take under this title or seek a remedy against such other," and if he elects to take under the title, he shall assign his cause of action to the state. Reading the act as a whole, it is plain that one who receives medical aid is taking under the title. It is equally clear that once a workman has assigned his cause of action, he can no longer recover his medical expenses in a separate action against the third party. If the appellant's theory were correct, one who assigned his cause of action to the state would lose an advantage retained by one who pursued his remedy against the third party, that is, the opportunity of recovering his medical expenses twice.

On the other hand, it is said, if the respondent's interpretation of the act is correct, the right to receive medical payments will be preserved where a claimant elected to proceed against a third party and recovered less than the amount of compensation provided by the act, but will be lost if he recovered more than the statutory compensation, even though his recovery is not sufficient to cover the medical payments to which he would be entitled had he elected to take under the act. The inequity which may result from this hiatus in the act would present a strong reason for adopting the appellant's theory that such a result was not intended, were it not for the fact that under his construction of the act, a similar inequity would arise in the case of the claimant who elected to take under the act and thereby lost the opportunity of recovering his medical expenses twice. In view of this fact, we do not think the minor inconsistency which appears when RCW 51.36.010 is read in conjunction with RCW 51.24.010 sufficiently manifests a

legislative intent that a claimant should not lose his right to medical aid by electing to proceed against and recovering full compensation from a third party.

The appellant urges that the legislature reasonably could have intended that a double recovery of medical expenses should be allowed where a third-party tort-feasor is involved, since the medical aid fund is financed, not by the state, but by premiums paid half by the employer and half by the employee. He cites cases holding that the fact that an injured person is entitled to compensation under a private contract of insurance does not preclude him from recovering the full amount of his damages in a tort action against the wrongdoer. Assuming that public policy would not forbid a legislative tolerance of a double recovery where the treasury of the state is not affected, we do not find such a recovery approved in the statute. If the statute providing for medical aid is an insurance contract between the state and the workmen who contribute a part of the premiums, it is a contract which provides for the payment of benefits only on condition that the workman be otherwise entitled to compensation. He is not so entitled where he elects to pursue his remedy against a third party and recovers more than the compensation provided by the act.

Our decision in this matter is fortified by the fact that the attorney general so construed the act a few years after its passage (Opinions of the Attorney General 1919-1920, p. 212); and, while the only evidence in the record is the action taken by the supervisor in regard to the appellant's claim, he does not dispute that the department has consistently followed this interpretation since that date. In the meantime, the workmen's compensation act has been amended in a number of respects, but the legislature has not seen fit to correct the department's interpretation if it were in error. Where a statute is ambiguous, construction placed upon it by the officer or department charged with its administration is not binding on the courts but is entitled to considerable weight in determining the legislative intention, and the persuasive force of such interpretation is

strengthened when the legislature, by its failure to amend or by amending some other particular without repudiating the administrative construction, silently acquiesces in the administrative interpretation. *White v. State*, 49 Wn. (2d) 716, 306 P. (2d) 230.

We find no sound reason to depart from the holding of *State v. Owen, supra.*

The judgment is affirmed.

HILL, C. J., DONWORTH, WEAVER, and FOSTER, JJ., concur.

