[No. 39041.   Department One.   February 21, 1968.]

WILLIA N. SEESE, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.**

*The Attorney General* and *William A. Taylor, Assistant*, for appellant.

*Ralph L. Jones*, for respondent.

HALE, J.—An attorney inadvertently missed a deadline in appealing a widow's claim to the Board of Industrial Insurance Appeals. The state says this ends the claim, that it expired by statute when not appealed within 20 days.

Willia N. Seese is the widow of a Walla Walla policeman. Her husband, William, while carrying on the duties of sergeant of police, suffered a heart attack January 30, 1959, as the result of a sudden and extraordinary physical exertion. He filed a claim with the Department of Labor and Industries under RCW Title 51. Attributing the heart attack (myocardial infarction) to an industrial injury, the department sustained the claim, allowed medical treatment and

*Reported in 437 P.2d 694.

awarded him a permanent partial disability rating of 20 per cent of the maximum allowable for unspecified disabilities.

February 1, 1964, the husband suffered a fatal heart attack (cardiac arrhythmia), and on February 17, 1964, his widow petitioned for a widow's pension under the provisions of the workmen's compensation act (RCW 51.32.050). The merits of the claim are not before us; we are now concerned only with whether it is viable.

After considering Mrs. Seese's claim of February 17, 1964, to a widow's pension, the Department of Labor and Industries, by order of the Supervisor of Industrial Insurance, on April 21, 1964, officially denied the claim on the asserted ground that no causal relationship existed between the policeman's industrial injury of January 30, 1959, and his death February 1, 1964. From this rejection, the widow appealed to the Board of Industrial Insurance Appeals.

The board, in an order of June 26, 1964, signed by the chairman and two members, granted the appeal and ordered that hearings be held. Pursuant to this order, hearings were held before a duly authorized examiner for the Board of Industrial Insurance Appeals at which evidence was presented and arguments heard. Following this hearing, the examiner had a statement of facts prepared setting forth the evidence and colloquy.

Thereafter, the hearing examiner, who had conducted the hearing pursuant to RCW 51.52.104, prepared a proposed decision and order setting forth, too, as the statute directed, findings of fact and conclusions of law—a detailed document of 15 pages, legal size—reviewing the evidence, sustaining the order of April 21, 1964, and denying petitioner's claim. The examiner's findings, conclusions and proposed decision and order were mailed to petitioner's counsel on May 4, 1965, and delivered to his law office the next day, May 5, 1965.

Then occurred the lapse from which the state claims there can be no recovery. Claimant's counsel inadvertently overlooked the 20-day time period prescribed by the statute. Twenty-three days after receiving a copy of the exam-

iner's proposed decision and order, and his findings and conclusions, claimant's counsel telephoned the secretary of the Board of Industrial Insurance Appeals who informed him that the board had not adopted the examiner's proposed decision and order but was expected to do so during the course of business that day. That same day, counsel by telegram requested an extension of 7 days for filing claimant's exceptions, and in a separate telegram filed with the board his exceptions to the examiner's proposed decision and order.

Both telegrams reached the board before it took official action on the examiner's proposed decision and order. Later that same day, May 28, 1965, however, the secretary, not a member of the board, prepared and signed a document which recited that "A Proposed Decision and Order was entered" by the hearing examiner on April 29, 1965, the secretary's document further declaring:

No statement of exceptions to said Proposed Decision and Order was filed by any party within the periods provided for such filing by RCW Sec. 51.52.104, and accordingly said order was adopted by the Board on May 28, 1965 and thereby became the Decision and Order of the Board. Board of Industrial Insurance Appeals by Rubye K Kerns [signature].

The secretary then mailed to plaintiff's counsel a letter dated May 28, 1965, saying that, since no exceptions had been taken within 20 days, the board could not consider exceptions filed with it thereafter.[1]

Claimant appealed to the superior court the purported decision of the board adopting the examiner's proposed decision and order and also appealed the board's actions in

---

[1] "This will acknowledge receipt of your telegram wherein you request an extension of seven days in which to file exceptions to the Examiner's proposed order in the above case, and also your additional telegram, received this date, excepting to the proposed decision and order.

"We regret to inform you that inasmuch as neither of these telegrams were received within the time required by law, no consideration may be given thereto by the Board, and therefore, pursuant to RCW 51.52.104, the proposed decision and order of the hearing examiner has been adopted by the Board."

refusing to consider her exception thereto. From a judgment of the trial court declaring the action of the board arbitrary in refusing to consider and determine claimant's exceptions, the Department of Labor and Industries appeals.

The case is governed by RCW 51.52.104, which states:

> After all evidence has been presented at hearings conducted by a hearing examiner, who shall be an active member of the Washington state bar association, the hearing examiner shall prepare a proposed or recommended decision and order which shall be in writing and shall contain findings and conclusions as to each contested issue of fact and law, as well as the order based thereon. The hearing examiner shall file the original of the proposed decision and order, signed by him, with the board, and copies thereof shall be mailed by the board to each party to the appeal and to his attorney of record. *Within twenty days, or such further period as the board may allow on application of a party, from the date of communication of the proposed decision and order to the parties or their attorneys of record, any party may file with the board a written statement of exceptions to the same.* Such statement of exceptions shall set forth in detail the grounds therefor and the party or parties filing the same shall be deemed to have waived all objections or irregularities not specifically set forth therein.
>
> In the event no statement of exceptions is filed *as provided herein* by any party, the proposed decision and order of the hearing examiner *shall be adopted by the board and become the decision and order of the board, and no appeal may be taken therefrom to the courts.* (Italics ours.)

The department contends that (1) the failure to file exceptions to the examiner's proposed decision and order within 20 days after it was communicated to the claimant or her counsel barred the claim under RCW 51.52.104; (2) the legislature made the filing of the exceptions jurisdictional; and (3) if the exceptions were not filed with the board within the 20-day period, the examiner's proposed decision and order became final and ipso facto automatically adopted by the board, thus precluding any possibility of appeal therefrom. The appellant has referred us to 15

states under whose workmen's compensation laws failure to take procedural steps within a statutorily fixed period has been deemed jurisdictional, depriving the board or tribunal of further power to act.

The issue, however, appears narrower to us than it does to counsel and the parties. We are not concerned with whether the 20-day limitation for filing exceptions will operate as a bar generally, but more particularly whether it operates as a bar automatically before the board has officially acted to adopt the examiner's proposed decision and order and thus confirmed his findings and conclusions.

■ Although the language of the statute (RCW 51.52.104) may be susceptible of the interpretation urged upon us by the department, had the legislature intended that the provision be jurisdictional and operate as an automatic bar to further proceedings, it could readily have selected more suitable and precise language to attain that end. The sentence, "Within twenty days, or such further period as the board may allow on application of a party, . . . any party may file with the board a written statement of exceptions to the same," is hardly the terminology of a nonclaim statute, or a statute in final bar of the claim, for it does not specify that the board cannot grant an extension unless it is applied for within the 20 days.

Moreover, there may be parties other than the claimant and defendant involved. The statute says *any* party, which means not only the department and the claimant but the employer as well. Time begins to run, under the statute, with the communication of the order to a party, but the statute does not specify whether failure of one party to file exceptions deprives another in privity or having an identity of interest with him of a right to do so. Were this a nonclaim statute, requiring the rigid and categorical construction urged here by the department, these imponderables, we think, would have been precisely covered by the statute.

The statement that "the proposed decision and order of the hearing examiner shall be adopted by the board and become the decision and order of the board, and no appeal

may be taken therefrom to the courts," does not declare that the board's affirmance is automatic, and takes place merely by lapse of time without action by or power in the board to act. If we accept without reservation the reading of the statute (RCW 51.52.104) urged upon us by the department, 20 days after the examiner's proposed decision, order, findings and conclusion have been communicated to claimant or his counsel, the board loses jurisdiction either to remand the cause to the examiner or proceed further unless there be on file with it exceptions by the parties. Under the department's interpretation, at the expiration of 20 days, the board, without further event, must rubber-stamp the examiner's actions in toto, thus making of the 20-day provision a nonclaim statute in complete bar. We must decline to give the statute such a drastic interpretation for the words used are hardly suitable to show so extreme a legislative purpose. Here the board had not acted officially to adopt the examiner's decision. The secretary had simply declared in writing that it had no power to do otherwise, and that the claim was thus barred. We are of the opinion, however, that the matter had not ended until the board took official action either to grant an extension or to deny it.

We have examined the authorities cited here and find the point at bar unique. It is not, as the department suggests, simply a question of whether the board lost jurisdiction automatically with the passing of the 20th day, nor strictly a matter of deciding whether the board has discretion to hear the matter, as was done in *Quarberg v. Department of Labor & Indus.*, 35 Wn.2d 305, 212 P.2d 799 (1949), where we said that the court had jurisdiction to hear an appeal from the order of the joint board after the 60-day statutory period for serving upon the joint board a notice of appeal. The issue here is whether the 20-day period automatically acts as a bar before the Board of Industrial Insurance Appeals has officially acted either to deny an extension of time for filing of exceptions or has officially confirmed the findings, conclusions and decision of the examiner. No official

order having been made by the board either to adopt or remand or alter the hearing examiner's proposed decision and order prior to the filing of the exceptions, the exceptions are now of record and the appeal should be heard.

Affirmed.

FINLEY, C. J., WEAVER and NEILL, JJ., and LANGENBACH, J. Pro Tem., concur.