[No. 42486. En Banc. February 15, 1973.]

STANTON O. LEE, III, *Petitioner*, v. WILLIAM JACOBS, *Respondent.*

*William J. Van Natter,* for petitioner.

*Slade Gordon, Attorney General,* and *Charles R. Bush, Assistant,* for respondent.

BRACHTENBACH, J.—In 1911 the legislature, finding that the remedy of the injured workman had been uncertain, slow and inadequate, enacted the first workmen's compensation law. Laws of 1911, ch. 74. The declared purpose of that act was to provide sure and certain relief for injured workmen. The petitioner herein, an injured workman, must have serious doubt that the act is accomplishing its purpose. He obtained an order of the Board of Industrial Insurance Appeals on September 15, 1971, directing the Department

of Labor and Industries to provide him additional treatment. He has yet to be provided that treatment. Equally dismaying is the fact that he had filed his appeal to the board, seeking such additional treatment, 21 months before the board issued its order. In short, more than 3 years after he first sought additional treatment, petitioner is still enmeshed in the barely moving gears of government.

Petitioner seeks a writ of mandamus directing the director of labor and industries to obey and carry out the order of the Board of Industrial Insurance Appeals. The director has refused to comply with that order on the basis that the involved employer has appealed the board's order to the superior court. That appeal, the director contends, causes a stay of proceedings.

Appeals from the decisions and orders of the Board of Industrial Insurance Appeals to the courts are governed by RCW 51.52.110. The pertinent language of the statute is as follows:

> No bond shall be required on appeals to the superior court or on appeals to the supreme court or the court of appeals, except that an appeal by the employer from a decision and order of the board under RCW 51.48.070, shall be ineffectual unless, within five days following the service of notice thereof, a bond, with surety satisfactory to the court, shall be filed conditioned to perform the judgment of the court. *Except in the case last named an appeal shall not be a stay:* . . .

(Italics ours.)

 The statute is perfectly clear. An appeal of the board order is not a stay, except in the limited instance when the employer posts bond and appeals from a penalty imposed under RCW 51.48.070. The reason for this very narrow exception, where the employer has been ordered to pay a penalty under RCW 51.48.070, is equally clear. In that instance the injured workman is not involved in the proceedings; he has no direct interest in the penalty. It is simply a matter between the department and the employer. On the other hand, the injured workman, often unable to

work because of his injuries and therefore without income, is in need of the benefits of the statute while the employer's appeal is pending. The delay in this case illustrates well the policy considerations which led the legislature to provide that an appeal does not stay the benefits which have been determined by the board.

This state is not alone in its policy decision that the injured workman should have the benefits of the act while an appeal is being pursued. For example, the Maryland statute provides:

An appeal shall not be a stay of any order of the Commission directing payment of compensation or any order or supplemental order requiring the furnishing of medical treatment.

8B Annot. Code of Md. Art. 101 § 56. California's statute provides that an appeal does not of itself stay operation of an award, but the court is given discretion to stay upon appropriate conditions. California Labor Code § 5956. Alaska allows a stay only upon a showing of irreparable damage to the employer. Alaska Statutes 23.30.125(c). This is the same condition imposed under the Federal Longshoremen's and Harbor Workers' Compensation Act. 33 U.S.C. § 921 (1970 ed.).

The purpose of the workmen's compensation law was to provide certain and speedy benefits to those covered by the act. That laudable policy would be hampered if those benefits were denied routinely while an appeal was pending.

The director of labor and industries points to our decision in *St. Paul & Tacoma Lumber Co. v. Department of Labor & Indus.*, 19 Wn.2d 639, 144 P.2d 250 (1943), as the justification for his conclusion that a stay is the automatic consequence of an appeal. That is not the holding of the *St. Paul* case. We simply held that the superior court, acting in its appellate capacity in industrial insurance appeals, has inherent power to stay operation of an order while the appeal is pending. The superior court does have that inherent power—a power to be exercised in the sound discretion of the court. But here, neither the department nor the

employer called upon the superior court to exercise discretion and use its inherent power. Instead, a claims consultant within the department made the determination to stay the board's order.

We do not mean to imply that the superior court should routinely issue stay orders upon application. We perceive a vast difference between an application for a stay order against payment of a lump sum award and an order authorizing further medical treatment. The first instance might justify a stay while the latter might well not. Action in either instance lies within the discretion of the court upon proper showing of compelling reasons why a stay should be granted.

■ Obviously there are policy determinations implicit in RCW 51.52.110 affecting employers, workmen and the department. Arguments as to the wisdom of such decisions, however, should be addressed to the legislature, not this court.

■ The director contends that his interpretation of the statute should be entitled to considerable weight in determining legislative intent, citing *Bradley v. Department of Labor & Indus.*, 52 Wn.2d 780, 329 P.2d 196 (1958). That principle is inapplicable here. First, the record is insufficient to show that this has been the consistent, well-known policy of the department. The only thing which is disclosed by the record is that a claims consultant wrote petitioner's attorney in part as follows: "I, a layman, have read the statute to which you refer. I don't interpret it the way you do." Second, the principle of the *Bradley* case is triggered only if the statute is ambiguous. This statute is not ambiguous.

■ Finally, the director contends that the letters from the claims consultant, refusing to follow the board's order to provide further treatment, were an order or decision of the department which has to be appealed to the Board of Industrial Insurance Appeals before the petitioner could be in court. That is nonsense. If every letter from every agency of state government which arrives on a lawyer's desk

must be scrutinized to determine if it contains an appealable order, indeed a burden of considerable magnitude will have been created by fiction.

Besides that impracticality, this contention overlooks the fact that the employer here has an interest in the matter, but he knew nothing of the exchange of correspondence between the attorney and the department's claims consultant. Suppose the department might have authorized the treatment with a letter to the petitioner's attorney. If that is an appealable decision or order, certainly the employer should be notified. We note that RCW 51.52.050 specifically requires the department to serve a copy of an order, decision or award on the workman, beneficiary, employer or other person affected thereby. If it is a final order, decision or award, it must give notice of the time limit on the right of appeal. These informal letters do not rise to the dignity of an appealable order.

A writ of mandamus shall issue directing the Director of the Department of Labor and Industries to comply with the September 15, 1971, order of the Board of Industrial Insurance Appeals.

HALE, C.J., FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and UTTER, JJ., concur.

Petition for rehearing denied May 18, 1973.