[No. 47738–8. Department One. August 20, 1981.]

EPIFANIO MARTINEZ, *Petitioner*, v. SAM KINVILLE, *as Director of the Department of Labor and Industries, Respondent.*

*Kenneth O. Eikenberry, Attorney General,* and *Thomas R. Chapman, Assistant,* for respondent.

*Nashem, Prediletto, Schussler & Halpin* and *Thomas A. Prediletto,* for petitioner.

PER CURIAM.—This is an original action against the Director of the Department of Labor and Industries (Department). Petitioner is the injured workman. Petitioner appealed to the Board of Industrial Insurance Appeals the Department's award of permanent partial disability. After hearings, a proposed decision and order was issued determining that petitioner was totally and permanently disabled. The Department filed a petition for review with the Board of Industrial Insurance Appeals, RCW 51.52.104. The Board reversed the proposed decision and order and reinstated the Department's original award. Petitioner appealed to superior court. The court granted petitioner's motion for summary judgment on the basis that the petition for review was not timely filed as required by RCW 51.52.104. The court remanded to the Board with directions to adopt the proposed decision and order and in turn to remand to the Department to place petitioner on the pension rolls as a totally disabled workman. The Board issued the order as directed.

Department appealed and filed a notice of supersedeas without bond. Department refuses to pay petitioner any benefits during the pendency of the appeal.

RCW 51.52.110 generally concerns appeals from the Board to the superior court but it goes further and in material part reads: "No bond shall be required on appeals to the superior court or on appeals to the supreme court or the court of appeals . . . Except in the case last named [not applicable here] an appeal shall not be a stay . . ."

■ The statute does not say that an appeal from the Board to the superior court shall not be a stay. It says that "an appeal" shall not be a stay. The Department is pursuing an appeal and under the statute that appeal is not a stay.

In *Lee v. Jacobs,* 81 Wn.2d 937, 938, 506 P.2d 308 (1973), we said: "The statute is perfectly clear. An appeal of the board order is not a stay, except in the limited instance [described in the statute and not applicable here]." The language is exactly in point here. We also pointed out in *Lee* that courts have an inherent power to grant a stay in the exercise of sound discretion. The Department has not sought such a stay. Rather, as in *Lee,* the Department relies upon a statement by a "disability adjudicator" that "the Department will pay no benefits during the pendency of this appeal."

The Department contends that the rules of appellate procedure result in an automatic stay since the state is not required to post a bond and RAP 8.1(c) provides:

If a party is not required to post a bond, that party shall file a notice that the decision is superseded without bond and, after filing the notice, the party shall be in the same position as if the party had posted a bond pursuant to the provisions of this rule.

However, consideration must be given to RAP 8.1(b): "Except when prohibited by statute, a party may supersede the enforcement of a money judgment . . ." The Department argues that this is a money judgment, a point which we do not decide, but ignores the language "except when prohibited by statute." It is difficult to imagine a more positive prohibition than the mandate of RCW 51.52.110 that an appeal shall not be a stay.

However, argues the Department, RAP 18.22 lists RCW 51.52.110 as superseded by the Rules of Appellate Procedure. The comment to RAP 18.22 makes clear a different intent: "RCW 50.32.130 and [RCW 51.52.110] affect relief available under Rules 8.1 and 8.3 and are retained except to the extent that the statutory requirements purport to be jurisdictional." It is clear that the applicable provision of RCW 51.52.110 is retained and only the statutory procedural mechanisms are affected to the extent that they purport to be jurisdictional. What those jurisdictional steps are and their relationship to the rules involve issues not before us. Clearly what is before us is not a jurisdictional question.

A writ of mandate shall issue directing the respondent to comply with the order of the Board of Industrial Insurance Appeals. Petitioner's request for attorney's fees for this proceeding is reserved pending a determination on the merits.