[No. 4405-0-III. Division Three. January 26, 1982.]

EPIFANIO MARTINEZ, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Thomas R. Chapman, Assistant,* for appellant.

*Thomas A. Prediletto* and *Nashem, Prediletto, Schussler & Halpin,* for respondent.

Roe, J.—The Department of Labor and Industries appeals a decision of the Superior Court which dismissed the Department's petition for review of a hearing examiner's proposed decision and order because the petition was filed 1 day late. Our decision in this case sets a precedent which benefits or harms not only the Department but also claimants, since the rule must be the same for both.

Epifanio Martinez was injured in August 1974. In February 1979, the Department of Labor and Industries awarded him a permanent partial disability award equal to 8 percent. On April 11, 1979, he appealed to the Board of Industrial Insurance Appeals. On April 3, 1980, the hearing examiner issued a proposed decision and order finding Martinez totally and permanently disabled. On April 15, 1980, the Department requested an extension of time within which to file a petition for review; an extension to May 12, 1980, was granted. The Department mailed its petition on May 12, but it was not received and filed by the Board until May 13, 1980. The Board considered the petition and affirmed the Department's award of 8 percent.

On appeal by Martinez to the Superior Court his motion for summary judgment was granted on the basis that the Board should not have considered the Department's 1-day-late petition. The trial court found the delay in filing the petition created a jurisdictional bar to review. The Department appeals.

RCW 51.52.104 provides:

After all evidence has been presented at hearings conducted by a hearing examiner, who shall be an active member of the Washington state bar association, the hearing examiner shall enter a proposed or recommended decision and order which shall be in writing and shall contain findings and conclusions as to each contested issue of fact and law, as well as the order based thereon. The hearing examiner shall file the original of the proposed decision and order, signed by him, with the board, and copies thereof shall be mailed by the board to each party to the appeal and to his attorney of record. Within twenty days, or such further period as the board may

allow on written application of a party, filed within said twenty days from the date of communication of the proposed decision and order to the parties or their attorneys of record, any party may file with the board a written petition for review of the same. Such petition for review shall set forth in detail the grounds therefor and the party or parties filing the same shall be deemed to have waived all objections or irregularities not specifically set forth therein.

In the event no petition for review is filed as provided herein by any party, the proposed decision and order of the hearing examiner shall be adopted by the board and become the decision and order of the board, and no appeal may be taken therefrom to the courts.

The Supreme Court interpreted the statute in *Seese v. Department of Labor & Indus.,* 73 Wn.2d 213, 437 P.2d 694 (1968). The statute was subsequently amended, Laws of 1971, 1st Ex. Sess., ch. 289, § 22, p. 1559, changing the designation of the appeals to the Board from "statement of exceptions" to "petition for review" and to require a written application for an extension of the time for filing the petition for review. In amending the statute, the legislature left intact the language which *Seese* held showed a legislative intent that RCW 51.52.104 not be considered as a nonclaim statute. Therefore, *Seese* is relevant to the instant case.

In *Seese,* the plaintiff petitioned for a widow's pension, which the Department denied. She then appealed to the Board of Industrial Insurance Appeals; the hearing examiner appointed by the Board also denied the claim. Her attorney did not file the statement of exceptions (petition for review) until 23 days (3 days late) after receipt of the proposed decision and order, although both a request for extension and a statement of exceptions were submitted before the Board had adopted the proposed decision and order. A secretary to the Board prepared and signed an order adopting the hearing examiner's position and wrote to Seese's attorney that the Board could not consider the exceptions as they were filed too late. Seese then appealed

to the Superior Court, which found the Board's actions arbitrary. The Department appealed.

The Department contended the statutory limit of 20 days created a jurisdictional bar to filing a claim and that, in the absence of a filing, the hearing examiner's proposed decision and order were automatically adopted by the Board.[1] The court disagreed with this interpretation of the statute, holding the 20–day period does not act as an automatic bar unless the Board has also acted to confirm the hearing examiner or to deny the request for an extension.

The *Seese* court held the legislature did not intend RCW 51.52.104 to be a nonclaim statute. First, the statute did not specify the Board cannot grant an extension unless it has been applied for within 20 days. Second, the statute does not cover a possible appeal by the claimant's employer, who would not necessarily receive the proposed decision and order.

> Were this a nonclaim statute, requiring the rigid and categorical construction urged here by the department, these imponderables, we think, would have been precisely covered by the statute.

*Seese v. Department of Labor & Indus., supra* at 217. Third, the statutory language does not show "so extreme a legislative purpose" as to make the Board a rubber stamp of the hearing examiner's actions if it fails to act within 20 days. *Seese v. Department of Labor & Indus., supra* at 218.

 *Seese* considered the Board's authority to grant an extension before it had taken official action on the appeal. In *Seese* it was the claimant who filed a late petition for extension. Here, it was the Department which had been granted an extension, but filed its petition 1 day late.

---

[1]Martinez argues the last paragraph of the statute which forecloses appeals to the Board if there is no petition for review filed is mandatory, *i.e.,* the Board must accept the hearing examiner's petition at the end of 20 days. This argument was also advanced and rejected in *Seese.* Martinez, however, contends the 1971 amendment acts to foreclose the Department's claim. The request for extension here was timely filed; it was the petition itself which was filed 1 day late. Thus, the issue is whether the Board may consider a petition filed late. Therefore, *Seese* applies.

Although *Seese* has somewhat different facts, the principle is the same, as in both instances, the effect of late filing—either of a petition for review or a request for an extension—is at issue. The *Seese* rationale applies. If the Board has not acted, there is no reason not to accept documents filed late. Substantial compliance with procedural rules is sufficient to provide the superior court with jurisdiction over the appeal of Department cases. *In re Saltis*, 94 Wn.2d 889, 896, 621 P.2d 716 (1980) (interpretation of RCW 51.52.110). This also applies to RCW 51.52.104, where the time limits set forth do not create jurisdictional bars to Board consideration of the merits.

Here, the Board had not considered the proposed decision and order relating to Martinez before it received the Department's petition for review. Under the rationale in *Seese,* with which the legislature evidently agreed, the Board was not precluded from considering the Department's petition and acting thereon. Summary judgment was therefore not appropriate and it is reversed in order to allow the court to consider the petition.

After the Department refused to pay Martinez' benefits pending this appeal, the Supreme Court granted his writ of mandate. *Martinez v. Kinville,* 95 Wn.2d 959, 632 P.2d 886 (1981). In addressing the question of attorney's fees, the court stated an award was "reserved pending a determination on the merits." *Martinez v. Kinville, supra* at 962. Martinez now asks this court to award attorney's fees for his appeal. Since there has been no determination on the merits, any decision with respect to attorney's fees would be premature, even assuming the issue had not been reserved by the Supreme Court for itself.

The judgment of the trial court is reversed.

McINTURFF, C.J., and GREEN, J., concur.

Reconsideration denied March 5, 1982.

Review denied by Supreme Court May 7, 1982.