[No. 5397–1–III.   Division Three.   April 24, 1984.]

EFFIE M. SOWERS, *Appellant,* v. TWIN CITY FOODS, INC., ET AL, *Respondents.*

*David K. Crossland,* for appellant.

*Elizabeth K. Reeve* and *Schwabe, Williamson, Wyatt, Moore & Roberts,* for respondents.

THOMPSON, J.—This case involves the failure to file a timely petition for review with the Board of Industrial Insurance Appeals.

The facts are undisputed. In 1975, Effie M. Sowers sustained an industrial injury while working at Twin City Foods, Inc. On October 29, 1980, a hearing examiner issued a proposed decision and order granting Mrs. Sowers 40 percent instead of the requested 100 percent disability award. The decision was promptly mailed. Mrs. Sowers received her copy on November 4, 1980. She called her attorney 3 days later to make an appointment, but he was out of town, so they did not meet until Monday, November 17. On November 24, the deadline for filing a petition for

review expired. On November 29, Mrs. Sowers received the Board's order adopting the hearing examiner's proposed decision. She called her attorney. His secretary called the Board and informed them she would mail an application for an extension of time to file a petition for review. This, along with a petition for review, was sent to the Board.

The Board declined to consider the requested extension and petition because they were not filed within the time required by RCW 51.52.104.

Mrs. Sowers appealed the Board's decision to the superior court. That court ruled the Board acted legally and Mrs. Sowers was precluded from further proceedings. She now asks this court to remand her case to the superior court or to the Board for further review.

At the time this matter was before the Board, RCW 51.52.104 provided:

> After all evidence has been presented at hearings conducted by a hearing examiner . . . the hearing examiner shall enter a proposed or recommended decision and order which shall be in writing and shall contain findings and conclusions as to each contested issue of fact and law, as well as the order based thereon. The hearing examiner shall file the original of the proposed decision and order, signed by him, with the board, and copies thereof shall be mailed by the board to each party to the appeal and to his attorney of record. Within twenty days, or such further period as the board may allow on written application of a party, filed within said twenty days from the date of communication of the proposed decision and order to the parties or their attorneys of record, any party may file with the board a written petition for review of the same. Such petition for review shall set forth in detail the grounds therefor and the party or parties filing the same shall be deemed to have waived all objections or irregularities not specifically set forth therein.
>
> In the event no petition for review is filed as provided herein by any party, the proposed decision and order of the hearing examiner shall be adopted by the board and become the decision and order of the board, and no appeal may be taken therefrom to the courts.

Laws of 1971, 1st Ex. Sess., ch. 289, § 22, p. 1559.[1] The Board believed it was required to accept the proposed decision if it did not receive an application for extension or petition for review within 20 days. Although not necessarily required, this course of action was appropriate and legal. RCW 51.52.104; *Department of Labor & Indus. v. Tacoma Yellow Cab Co.,* 31 Wn. App. 117, 639 P.2d 843, *review denied,* 97 Wn.2d 1015 (1982) (*Yellow Cab*).

Nevertheless, Mrs. Sowers contends the Board acted without the benefit of *Yellow Cab* and this court's decision in *Martinez v. Department of Labor & Indus.,* 31 Wn. App. 221, 640 P.2d 732, *review denied,* 97 Wn.2d 1015 (1982).

■ *Yellow Cab* and *Martinez* are distinguishable. Those cases held that the late filing of a petition for review or request for extension of time to obtain review does not deprive the Board of jurisdiction to review the appeal on its merits. In both cases, the Board received a petition or a request before the Board had taken official action. Similarly, in *Seese v. Department of Labor & Indus.,* 73 Wn.2d 213, 437 P.2d 694 (1968), the court found the 20–day deadline of the precursor statute was not jurisdictional. Again, in that case, the Board had not acted prior to receipt of the notice. On the other hand, in this case the Board had acted and entered its order prior to receipt of the notice. As stated in *Seese,* at 218–19:

> [T]he board had not acted officially to adopt the examiner's decision. The secretary had simply declared in writing that it had no power to do otherwise, and that the claim was thus barred. We are of the opinion, *however, that the matter had not ended until the board took official action either to grant an extension or to deny it. . . . No official order having been made by the board either to adopt* or remand or alter the hearing examiner's proposed decision and order prior to the filing of the exceptions, the exceptions are now of record and the appeal should be heard.

---

[1]The statute has since been amended. *See* Laws of 1982, ch. 109, § 5, p. 486. We do not decide if that law has retroactive effect; we would reach the same decision under either version.

(Italics ours.) As indicated in *Seese,* once the Board acts, the matter ends. The Board did not need to consider the petition for review or request for extension after it had made its final decision.

Mrs. Sowers also suggests the Board could have considered her petition and motion under CR 60 and CR 6(b). *See* WAC 263–12–125 (adopting Superior Court Civil Rules when applicable). This argument will not be considered because it is raised for the first time on appeal. RAP 2.5(a).

The judgment is affirmed.

MUNSON, C.J., and McINTURFF, J., concur.

Review denied by Supreme Court June 22, 1984.