[No. 28460-6-I.    Division One.    August 10, 1992.]

B&J ROOFING, INC., *Appellant,* v. THE BOARD
OF INDUSTRIAL INSURANCE APPEALS,
ET AL, *Respondents.*

872

*Ralph I. Freese,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Thomas M. Adkins, Assistant,* for respondents.

COLEMAN, J. — B&J Roofing, Inc., appeals the Superior Court's order dismissing B&J's challenge to the Board of Industrial Insurance Appeals' refusal to reconsider its final order. B&J contends that the Board had jurisdiction to reconsider its decision under RCW 51.52.104 and that refusal to do so was arbitrary and capricious. The Department disagrees and counters that this court lacks jurisdiction to hear B&J's appeal. We affirm.

B&J Roofing is a contractor engaged in residential and commercial roofing construction. An employee of B&J was observed working without fall protection, and the Depart-

ment of Labor and Industries cited B&J for a violation of former WAC 296-155-225(1)(b). Pursuant to RCW 49.17-.140(2), B&J filed a timely notice of appeal. The Department reviewed the matter pursuant to RCW 49.17.140(3) and issued a corrective notice of redetermination which affirmed the original citation and notice.

B&J filed a timely notice of appeal with the industrial appeals board. Following a hearing, the industrial appeals judge issued a proposed decision and order affirming the Department's corrective notice of redetermination. The proposed decision and order was mailed to B&J's counsel on June 28, 1990. Accompanying the proposed decision and order was a notice to parties, which clearly stated that a petition for review of the judge's decision "must be filed, in writing, with the Board's Olympia office within twenty (20) days[.]"

B&J then filed a petition for review of the proposed decision and order. However, B&J's petition for review was sent only to the Office of the Attorney General and not to the Board's Olympia office, as the notice to parties required. Because the Board did not receive a timely petition for review from either party, the Board issued an order adopting its proposed decision and order as a final order of the Board, and B&J received the final order on July 25, 1990.

In a written notice of appeal received by the Board 2 days later, B&J requested that the Board reconsider its final order. B&J claimed that its petition for review was misdirected to the Office of the Attorney General by secretarial error and asked that its petition be deemed timely filed. That request for reconsideration was denied on August 6, 1990. In denying B&J's request, the Board pointed out that the notice to parties attached to the proposed decision and order explained in detail "the procedure to follow when requesting a review of an Industrial Appeals Judge's decision." The Board also cited RCW 51.52.104, "which requires the party filing a [petition for review] to mail or personally deliver the petition to the Board's offices in Olympia within twenty (20) days from the date the [proposed decision and order] is communicated to the parties or their attorneys." Finally, the

Board noted that "the statute is clear that filing cannot be perfected by service upon the Attorney General's office."

B&J appealed the Board's refusal to reconsider its final order to the Superior Court for King County. However, the Superior Court granted the Board's and the Department's motion to dismiss, finding that the Board of Industrial Insurance Appeals "did not have authority to reconsider its decision and order . . . because it had already affirmatively acted by issuing a final order on this case before receiving the employer's petition for review." B&J appeals.

We initially consider whether the Court of Appeals has jurisdiction to hear this appeal. RCW 49.17.150 governs superior court review of decisions by the Board regarding Washington Industrial Safety and Health Act of 1973 violations. RCW 49.17.150(1) provides in relevant part: "Upon the filing of the record with it, the jurisdiction of the court shall be exclusive and the judgment and decree shall be final, except as the same shall be subject to review by the supreme court." The Board and the Department contend that this statute requires B&J to take its appeal directly to the Supreme Court.

■ However, RCW 49.17.150 provides permissive, not mandatory, Supreme Court review. The Rules of Appellate Procedure mandate review by the Court of Appeals of "any trial court decision which is subject to review as provided in Title 2." RAP 4.1(a). However, a party *may* seek review of a trial court decision in the Supreme Court where a statute authorizes direct review. RAP 4.2(a)(1). Thus, although RCW 49.17.150 authorizes direct review, such review is not mandatory. Because B&J properly brought its claim to the Court of Appeals as provided by RAP 4.1, this court has jurisdiction to hear the appeal.

We next consider whether the Superior Court erred by granting the Board's and the Department's motion to dismiss. RCW 51.52.104[1] provides that the industrial appeals

---

[1] RCW 51.52.104 reads:

"After all evidence has been presented at hearings conducted by an industrial appeals judge, . . . the industrial appeals judge shall enter a proposed or recommended decision and order . . ., and copies thereof shall be mailed by the board to

judge shall mail copies of his or her proposed decision and order to each party and that any party may file a written petition for review of the judge's decision within 20 days. However, if no petition for review is filed, the judge's proposed decision and order shall be adopted and is not appealable to the courts. Even "[i]f an order adopting the proposed decision and order is not formally signed by the board", it is deemed adopted "on the day following the date the petition for review" is due. RCW 51.52.104.

Although B&J concedes that it failed to file the required written petition for review with the industrial appeals board within the statutory 20-day period, it contends that its appeal should not have been dismissed for lack of jurisdiction because the Board had the authority to reconsider its final order under CR 60(b)[2] and CR 6(b).[3] *See*

---

each party to the appeal . . . Within twenty days, or such further time as the board may allow on written application of a party, filed within said twenty days from the date of communication of the proposed decision and order to the parties or their attorneys . . ., any party may file with the board a written petition for review of the same. . . .

"In the event no petition for review is filed as provided herein by any party, the proposed decision and order of the industrial appeals judge shall be adopted by the board and become the decision and order of the board, and no appeal may be taken therefrom to the courts. If an order adopting the proposed decision and order is not formally signed by the board on the day following the date the petition for review of the proposed decision and order is due, said proposed decision and order shall be deemed adopted by the board and become the decision and order of the board, and no appeal may be taken therefrom to the courts."

[2]CR 60(b) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

"(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order[.]"

[3]CR 6(b) provides:

"When by these rules . . . an act is required . . . within a specified time, the court for cause shown may at any time in its discretion, (1) . . . order the period enlarged if request therefor is made before the expiration of the period originally prescribed . . . or, (2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under rules 50(b), 52(b), 59(b), 59(d), and 60(b)."

WAC 263-12-125[4] (adapting Superior Court Civil Rules to administrative proceedings). CR 60(b) permits relief from a judgment or order which results from excusable neglect, and CR 6(b)(2) provides that a court may, in its discretion, enlarge the specified time for performing an act after the specified period has expired, if "failure to act was the result of excusable neglect[.]" Because B&J's petition for review was addressed and mailed to the wrong party by secretarial error, B&J contends that the error amounted to excusable neglect, permitting the Board to reconsider its decision after the deadline had passed.

However, B&J presents no case law supporting its contention that this error amounted to excusable neglect.[5] In addition, we find CR 6(b) inapposite to the enlargement of a statutory time period, as B&J requests here. CR 6(b) permits the court to enlarge a time period set by the civil rules. Because the time period for appealing the Board's proposed decision and order is set by statute, CR 6(b) does not apply.[6]

---

[4]WAC 263-12-125 provides in part:

"Insofar as applicable, and not in conflict with these rules, the statutes and rules regarding procedures in civil cases in the superior courts of this state shall be followed."

[5]To support its view that the Board had jurisdiction to consider its late petition for review, B&J relies upon *Seese v. Department of Labor & Indus.*, 73 Wn.2d 213, 215, 437 P.2d 694 (1968); *Martinez v. Department Labor & Indus.*, 31 Wn. App. 221, 222, 640 P.2d 732, *review denied*, 97 Wn.2d 1015 (1982); and *Department of Labor & Indus. v. Tacoma Yellow Cab Co.*, 31 Wn. App. 117, 120, 639 P.2d 843, *review denied*, 97 Wn.2d 1015 (1982). However, these cases are factually distinguishable. In *Seese*, *Martinez*, and *Tacoma Yellow Cab*, the courts permitted consideration of a late-filed petition for review where, unlike here, the Board had not entered its final order. In addition, all three cases were decided prior to the 1985 amendment to RCW 51.52.104, which added that orders shall be deemed adopted "the day following the date the petition for review of the proposed decision and order is due[.]"

[6]Citing *Sowers v. Twin City Foods, Inc.*, 37 Wn. App. 400, 680 P.2d 1060, *review denied*, 101 Wn.2d 1026 (1984), B&J states that one court has suggested that the Board may have authority to reconsider a final decision and order under CR 60, CR 6(b), and WAC 263-12-125. However, B&J misconstrues that court's opinion. In *Sowers*, the court merely noted that the *appellant* suggested that the Board could have reconsidered her petition under CR 60 and CR 6(b), but the court declined to consider her contention "because it [was] raised for the first time on appeal." *Sowers*, at 403.

■ Even if CR 6(b) permitted enlargement of a statutory time period where failure to act results from excusable neglect, we are not inclined to hold that the misfiling of B&J's petition for review amounted to excusable neglect. In *Fay v. Northwest Airlines, Inc.*, 115 Wn.2d 194, 796 P.2d 412 (1990), our Supreme Court held that a pro se employee's failure to serve notice of appeal upon the Department within the statutory period barred her claim, even though the employee had timely served notice upon the Board, the Superior Court, and her employer.[7] *Fay*, at 201. Similarly, in the present case the Superior Court held that B&J's failure, through its attorney, to file the petition for review with the Board within the statutory period barred its claim, even though its attorney had timely filed the petition with the Attorney General's office. In light of *Fay*, we find no error in the Superior Court's holding that B&J's filing error also precludes appeal.

Because we affirm the Superior Court's determination that the Board had no jurisdiction to consider B&J's petition for review which was filed after the entry of the Board's final order, we need not address B&J's remaining contention that the Board's refusal to reconsider its final order was arbitrary and capricious.

The order of dismissal is affirmed.

WEBSTER, A.C.J., and FORREST, J., concur.

---

[7] In *Fay*, an employee acting pro se "appealed an adverse decision rendered by the Board of Industrial Insurance Appeals." *Fay*, at 195. Although Fay timely appealed to Pierce County Superior Court and timely served notice of her appeal upon the Board and Northwest, Fay "neglected to serve notice upon the Director of the Department within 30 days after receiving notification of the Board's decision" as RCW 51.52.110 required. *Fay*, at 196. The Superior Court granted Northwest's motion to dismiss, holding that Fay failed to properly perfect her appeal. The Superior Court's ruling was ultimately upheld by our Supreme Court. *Fay*, at 201.