[No. 25281-3-II.  Division Two.  January 5, 2001.]

PRISCILLA WELLS, *Appellant,* v. OLSTEN CORPORATION, *Respondent.*

136

*Steven L. Busick*, for appellant.

*Amy L. Arvidson* (of *Keehn Arvidson*), for respondent.

SEINFELD, J. — Priscilla Wells filed an industrial insurance claim, seeking compensation for an injury she suffered while working for Olsten Corporation. After an industrial insurance appeals judge issued a proposed order closing the claim, Wells twice sought to extend the time to petition for review. The Industrial Insurance Appeals Board (Board) granted her first request but denied her second request as untimely. It then issued a final order closing the claim and denied her later motion to vacate the final order. Wells appealed the denial of her motion to vacate to superior court which dismissed Wells's subsequent appeal, finding that CR 59(a) or CR 60 do not apply to Board proceedings and that the court lacked jurisdiction to hear the matter.

We conclude that CR 59(a) applies to Board proceedings and, therefore, the superior court had subject matter jurisdiction to hear Wells's motion. Consequently, we reverse the superior court's order of dismissal.

## FACTS

On February 26, 1999, an industrial appeals judge issued a proposed decision and order affirming an order by the Department of Labor and Industries (Department) closing Wells's industrial insurance claim. Wells received the proposed order and decision on March 11.

The proposed order contained a notice advising Wells that she had 20 days to file a petition for review and that

she must file any request to extend this deadline within 20 days of her receipt of the proposed decision and order. On March 29, Wells mailed her first request for an extension of time and, on April 7, the Board granted her request and extended the deadline to April 20.

On April 19, Wells mailed a request for a second extension of time, which the Board received on April 21. The Board denied the extension request on the basis that it was not timely. The Board advised Wells that the deadline for a second-extension-of-time request differed from a first request. A first request was timely if mailed on or before the last day of the initial 20-day deadline but for a second request to be timely, the Board had to receive *and* act upon it before the extended deadline expired, here April 20. Because Wells did not submit a timely petition for review, on April 23 the Board issued an order adopting the proposed decision and order as its final order. Final orders are unappealable. RCW 51.52.104.

On April 29, Wells moved to vacate the Board's final order, characterizing her motion as falling under either CR 60 or CR 59(a)(1), (3), (7), or (9).[1] After the Board denied her

---

[1] CR 59 provides in part:

(a) Grounds for New Trial or Reconsideration. The verdict or other decision may be vacated and a new trial granted to all or any of the parties and on all or part of the issues when such issues are clearly and fairly separable and distinct, on the motion of the party aggrieved for any one of the following causes materially affecting the substantial rights of such parties:

(1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial;

. . . .

(3) Accident or surprise which ordinary prudence could not have guarded against;

. . . .

(7) That there is no evidence or reasonable inference from the evidence to justify the verdict or the decision, or that it is contrary to law;

. . . .

(9) That substantial justice has not been done.

CR 60 states in part:

(b) On motion and upon such terms as are just, the court may relieve a party

motion, Wells appealed to superior court.

Olsten moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim. It argued that neither the Board nor the superior court had jurisdiction to hear the appeal because by failing to file a timely petition for review, Wells had waived all objections to the proposed decision and order.

Wells responded with her own motion for summary judgment. She argued that (1) the Board had misapplied the law when it refused to consider her second request for extension of time and (2) she received inadequate notice that the first and second requests for extension of time were subject to different requirements. The superior court granted Olsten's motion to dismiss for lack of subject matter jurisdiction and denied Wells's motion for summary judgment.

Wells appeals, arguing that both the Board and the superior court had jurisdiction to hear her appeal of the Board's denial of her motion to vacate and, thus, the superior court erred when it dismissed her appeal for lack of subject matter jurisdiction. She further claims the trial court erred in denying her motion for summary judgement.

## I. MOTION TO DISMISS

Where, as here, the facts are not at issue, we conduct a de novo review of rulings on motions for summary judgment, motions to dismiss for lack of jurisdiction under CR 12(b)(1), and motions to dismiss for failure to state a claim under CR 12(b)(6). *Reid v. Pierce County*, 136 Wn.2d 195, 201, 961 P.2d 333 (1998); *DeWater v. State*, 130 Wn.2d 128, 133, 921 P.2d 1059 (1996); *Cutler v. Phillips Petroleum*

or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

. . . .

(11) Any other reason justifying relief from the operation of the judgment.

*Co.*, 124 Wn.2d 749, 755, 881 P.2d 216 (1994); *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982); *Kearney v. Kearney*, 95 Wn. App. 405, 411, 974 P.2d 872, *review denied*, 138 Wn.2d 1022 (1999).

A. Jurisdiction of the Board

Wells challenges Olsten's argument that the Board lacked jurisdiction to consider her motion to vacate under either CR 59(a) or CR 60(b). She asserts that under WAC 263-12-125, which adopts the superior court civil rules for use in appeals before the Board unless they conflict with the Industrial Insurance Act rules and regulations, her use of CR 59(a) and CR 60(b) was appropriate.[2]

Olsten responds that the Industrial Insurance Act, Title 51 RCW, does not authorize or contemplate motions to vacate final Board orders, that Wells cannot use the civil rules to modify a jurisdictional deadline or avenue of appeal contained in the Industrial Insurance Act, and that the civil rules apply only for procedural purposes within the context of a Board hearing.

Olsten mischaracterizes Wells's appeal as either (1) a challenge to the Board's order adopting the proposed decision and order or (2) an attempt to alter the jurisdictional deadlines established under the Industrial Insurance Act. Wells's superior court notice of appeal clearly states that she is appealing the Board's order denying her motion to vacate, not the Board's order adopting the proposed order and decision. Her motion to vacate focused on the Board's refusal to accept her second request for extension of time, not on the merits of the proposed order and decision.

Nor is Wells attempting to alter jurisdictional deadlines. Instead, she is arguing that the Board misapplied the law relating to the timely filing of a request for a second extension of time, that the late filing of her request for a second extension of time was due to excusable neglect, and

---

[2] WAC 263-12-125 states that "[i]nsofar as applicable, and not in conflict with these rules, the statutes and rules regarding procedures in civil cases in the superior courts of this state shall be followed."

that she was denied adequate notice of the rules for filing requests for additional extensions of time.

CR 59(a) allows the superior court to vacate a decision and grant a new trial if there has been an irregularity in the proceedings or an abuse of discretion, CR 59(a)(1), or if the verdict or decision was contrary to law, CR 59(a)(7). CR 60(b)(1) allows the superior court to grant relief from an order for reasons of mistake, inadvertence, surprise, excusable neglect, or irregularity in obtaining the order. These are the errors Wells alleges; thus, CR 59 and CR 60 are the appropriate bases for her motion. Moreover, Wells filed her motion to vacate within the time allowed under CR 59 and CR 60. *See* CR 59(b) (CR 59 motion must be served and filed not later than 10 days after the entry of the judgment); CR 60(b) (CR 60(b)(1) motion must be made within a year of the entry of the judgment or order).

Further, the Board's own decisions indicate that it has previously considered motions to vacate or set aside orders adopting proposed decisions and orders and other civil motions contained in the civil rules. *See In re Lemour*, No. 98 11120, Bd. of Indus. Ins. Appeals (May 28, 1999) (setting aside its order adopting a proposed decision and order after characterizing a letter from claimant stating that she had in fact filed a petition for review by the required deadline as a motion to vacate the order adopting the proposed decision and order); *In re Sarbacher*, No. 88 3107, Bd. of Indus. Ins. Appeals (Dec. 6, 1991) (denying claimant's motion to vacate under CR 60(b)(1) and (11) because the evidence did not support the claimant's allegations of mistake or excusable neglect); *In re Potts*, No. 88 3822, Bd. of Indus. Ins. Appeals (Nov. 21, 1989) (holding that WAC 263-12-125 authorized the Board to hear a CR 56 summary judgment motion). Although the Board's actions are not binding on this court, we may consider them and we generally give great weight to the agency's interpretation of the law it administers. *Dep't of Labor & Indus. v. Allen*, 100 Wn. App. 526, 530, 997 P.2d 977 (2000); *Dep't of Labor & Indus. v. Kantor*, 94 Wn. App. 764, 772, 973 P.2d 30, *review denied*, 139 Wn.2d 1002

(1999). The Board decisions cited above suggest it is the Board's opinion that it has jurisdiction to consider CR 59 motions, CR 60 motions, or other motions contained in the civil rules.

*Kingery v. Department of Labor & Industries*, 132 Wn.2d 162, 937 P.2d 565 (1997), also supports Wells's argument that the Board and the superior court have jurisdiction to hear CR 60 motions. In *Kingery*, the Supreme Court acknowledged that under some circumstances, the Board and the superior court may rely on the civil rules to reconsider decisions. "The Board and the courts do have authority under the [Industrial Insurance] Act to reconsider decisions *properly appealed* by one of the parties. In fact, the civil rules for superior court, including CR 60, apply to proceedings before the Board and superior court." *Kingery*, 132 Wn.2d at 172 (citing RCW 51.52.140; WAC 263-12-125). Unlike the petitioner in *Kingery* who challenged an unappealed Department order on a CR 60(b)(3) motion eight years after the decision became final, Wells filed her motion to vacate well within the period CR 59 and CR 60 allow. *See Kingery*, 132 Wn.2d at 167-68.

Both parties cite *B&J Roofing, Inc. v. Board of Industrial Insurance Appeals*, 66 Wn. App. 871, 832 P.2d 1386 (1992), to support their arguments. In *B&J Roofing*, the Board did not receive the employer's petition for review by the deadline because the employer sent it to the wrong address. Consequently, the Board entered its order adopting the proposed decision and order. *B&J Roofing*, 66 Wn. App. at 873.

The employer requested reconsideration, asking the Board to deem its petition for review to be timely filed. *B&J Roofing*, 66 Wn. App. at 873. The Board denied the request, stating that it had notified the parties about the filing procedures and that the statutes were clear about where to file the petition for review. *B&J Roofing*, 66 Wn. App. at 873-74.

The employer then appealed to superior court, arguing that WAC 263-12-125 allows the use of CR 60(b) to obtain

relief upon a showing of excusable neglect and that the Board had authority pursuant to CR 6(b)(2) to enlarge the time period for filing the petition. *B&J Roofing*, 66 Wn. App. at 874-75. The superior court found that the Board lacked authority to reconsider where it issued its final order before receiving the employer's petition for review. *B&J Roofing*, 66 Wn. App. at 874.

The Court of Appeals affirmed, holding that CR 60(b) applied only to time periods set by court rule, not to those set by statute, and that the employer had failed to show excusable neglect. *B&J Roofing*, 66 Wn. App. at 876. The Court of Appeals did not address whether the Board or the superior court had jurisdiction over the employer's CR 60(b) motion. *B&J Roofing*, 66 Wn. App. at 876.[3]

Olsten asserts that, as in *B&J Roofing*, Wells is trying to enlarge a statutory time period in which she can file a request for extension of time. But this misstates Wells's motion. She is not challenging the statutory time period; rather, she is arguing that the Board failed to give her adequate notice of the statutory time limits and misapplied those limits.

Further, the *B&J Roofing* court did not determine whether WAC 263-12-125 allowed the use of a CR 60(b) motion in an industrial insurance appeal. Rather, the court avoided the issue by deciding that the claimant had failed to demonstrate excusable neglect. *B&J Roofing*, 66 Wn. App. at 876.

The relief that Wells seeks—a determination as to

---

[3] Wells also asserts that failure to file a petition for review within the initial 20-day period or by the end of an extended period does not prevent the Board from considering the merits of the petition for review. She claims that RCW 51.52.104 is not a jurisdictional nonclaims statute. In support, Wells cites *Seese v. Dep't of Labor & Indus.*, 73 Wn.2d 213, 437 P.2d 694 (1968) and *Martinez v. Dep't of Labor & Indus.*, 31 Wn. App. 221, 640 P.2d 732 (1982). But these cases were decided under RCW 51.52.104 as amended in 1971, not as amended in 1982. The previous version of RCW 51.52.104 allowed the Board to consider a petition for review filed after the 20-day time limit as long as the Board had not issued its order adopting the proposed decision and order. The 1982 amendment removed this ability when it inserted a provision in the statute stating that the proposed decision was "deemed adopted" if the petition for review was not timely received. *See B&J Roofing*, 66 Wn. App. at 876 n.5.

whether she acted with excusable neglect or whether there was an irregularity in the proceedings, abuse of discretion, or an error of law—differs from a request to enlarge the statutory time period for petitioning for review. Wells is merely asking the Board to consider all the circumstances in deciding whether her second request for an extension of time was untimely. Under these circumstances, the use of the civil rules does not conflict with statute. Thus, we hold that the Board had jurisdiction to consider Wells's motion to vacate.

## B. Jurisdiction of the Superior Court

■ The Industrial Insurance Act abolished all original jurisdiction of the courts of this state over cases involving workers' injuries except as provided in RCW 51.52.110. RCW 51.04.010.[4] Thus, when the superior court reviews a decision of the Board, it is acting in its limited appellate capacity and has jurisdiction only if there has been compliance with all statutory procedural requirements set forth in RCW 51.52.110. *Fay v. N.W. Airlines*, 115 Wn.2d 194, 197, 796 P.2d 412 (1990); *State ex rel. Bates v. Bd. of Indus. Ins. Appeals*, 51 Wn.2d 125, 131-32, 316 P.2d 467 (1957); *B&J Roofing*, 66 Wn. App. 871; *Dils v. Dep't of Labor & Indus.*, 51 Wn. App. 216, 217-18, 752 P.2d 1357 (1988). Specifically, (1) the Board must have issued a final order or decision; (2) the appeal must be filed within 30 days of the Board's communication of its final order or decision; and (3) the petitioner must properly perfect the appeal by filing the appeal with the clerk of the court and serving a copy on the director, the Board, and the self-insurer. RCW 51.52.110; *Fay*, 115 Wn.2d at 197-98.

---

[4] RCW 51.04.010 states in part:

The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided.

Olsten argues that Wells should have appealed the Board's final order within 30 days and, as she did not do so, her appeal is untimely. Wells did, however, appeal the Board's denial of her motion to vacate within 30 days. She received the Board's denial of her motion to vacate on June 24, 1999, and filed her notice of appeal on July 20, 1999.

As we allow an appellant to appeal a superior court's denial of a motion to vacate a judgment within 30 days of the superior court's ruling on the motion to vacate rather than requiring an appeal within 30 days of the judgment, here, similarly, Wells had 30 days from the ruling on her motion to vacate to challenge that ruling. *See* RAP 5.2 (a petitioner must file notice of appeal *within 30 days after the entry of the decision of the trial court which the party filing the notice wants reviewed*, not within 30 days of the underlying judgment). Thus, Wells's appeal was timely filed.

Further, when the Board rejected Wells's second request to extend time, its proposed order and decision became a final order not subject to appeal. Absent some form of postjudgment relief, a party would have no opportunity to present a claim that the Board misapplied its own time requirements.

■ Olsten also asserts that the Board's denial of Wells's motion to vacate was not a final appealable order. An administrative decision that denies a right, imposes an obligation, or fixes a legal relationship between the parties is final. *Dep't of Ecology v. City of Kirkland*, 84 Wn.2d 25, 30, 523 P.2d 1181 (1974); *Lewis County v. Pub. Employment Relations Comm'n*, 31 Wn. App. 853, 862, 644 P.2d 1231 (1982). A preliminary step in the administrative process is not a final order or decision. *Lewis County*, 31 Wn. App. at 862.

■ Although we find no Washington cases directly addressing whether an order denying a CR 59(a) or CR 60(b) motion is a final order, the federal courts have stated that "[o]rders denying relief on Rule 60(b) motions are generally considered to be final and appealable." *Mason v. Integrity Ins. Co.*, 709 F.2d 1313, 1315 (9th Cir. 1983). But because a

CR 60(b) motion is derivative of the order it challenges, the nature of the underlying order determines whether the order denying the CR 60(b) motion is in fact a final order. *Mason*, 709 F.2d at 1315.

The Board's denial of Wells's motion to vacate, whether characterized as a CR 59(a) or CR 60(b) motion, was not a preliminary step in the administrative process. It fixed the legal relationship between Wells and Olsten. By denying the motion, the Board reestablished the finality of its ruling adopting the proposed decision and order and clearly defined the relationship between Wells and Olsten. It also effectively closed all avenues to appeal the Board's proposed order and decision. Thus, it was a final appealable order.

C. Failure to State a Claim

Finally, Olsten argues that when Wells failed to file a timely petition for review, she waived all objections pertaining to the proposed order and decision. Again, this argument fails to recognize that the denial of the motion to vacate, not the proposed decision, is the subject of this appeal. Beyond this assertion, Olsten presents no basis for its contention that Wells's appeal fails to state a claim.

Thus, the Board and the court had jurisdiction to consider Wells's motion to vacate and the superior court erred when it dismissed her appeal for lack of jurisdiction.

II. DENIAL OF WELLS'S SUMMARY JUDGMENT MOTION

Wells also appeals the superior court's denial of her motion for summary judgment. We do not resolve this issue because when the superior court determined that it did not have jurisdiction to consider this matter, it did not address Wells's motion for summary judgment. Thus, it would be premature for us to consider her summary judgment motion. RAP 2.2(a).

We reverse and remand to the superior court for consideration of the motions before it.

ARMSTRONG, C.J., and MORGAN, J., concur.