128 P.3d 1234 (2006)
STATE of Washington, Respondent,
v.
Richard L. COOPER, Petitioner.
No. 76164-7.
Supreme Court of Washington, En Banc.
Argued October 25, 2005.
Decided February 23, 2006.
Dennis W. Morgan, Attorney at Law, Ritzville, for Petitioner/Appellant.
Colleen G Fenn, Columbia County Prosecutor's Office, Dayton, for Appellee/Respondent.
BRIDGE, J.
¶ 1 In addition to various counts involving manufacture, possession, and delivery, a jury found Richard Cooper guilty of endangering his girl friend's children by operating a methamphetamine manufacturing operation in the children's residence. RCW 9A.42.100, the child endangerment statute, makes it a crime for a person to knowingly or intentionally expose a dependent child to methamphetamine. Cooper argues that the term "person" in RCW 9A.42.100 encompasses only a child's parent, custodian, or caregiver, not him. We disagree. We affirm the Court of Appeals and hold that by its plain language, RCW 9A.42.100 applies to any person who knowingly or intentionally exposes a child to methamphetamine or its ingredients.[1]

I

Facts and Procedural History
¶ 2 On January 7, 2003 Columbia County sheriffs obtained a warrant to apprehend Richard Cooper, a community custody escapee believed to be at the home of his girl *1235 friend, Mylynda Daudt. When the officers arrived at Daudt's residence, they found Cooper, Daudt, and Daudt's two children, P.D. and E.D., age 2 and 4, respectively. While inside the residence securing Cooper, the officers observed in plain view what appeared to be a methamphetamine manufacturing operation. The officers quickly removed Cooper, Daudt, and the children from the home, and subsequently obtained a search warrant for Daudt's residence based on their observations of the apparent methamphetamine laboratory. Upon returning to the home, a search verified the presence of methamphetamine manufacturing materials in the small apartment, including several chemicals and other hazardous substances that were accessible to the children.
¶ 3 Cooper was charged with several counts of methamphetamine possession, manufacture, and delivery, and two counts of endangering a child with the controlled substance methamphetamine. At trial, a sheriff's deputy testified that E.D. and P.D. were exposed continuously to hazardous material involved in Cooper's methamphetamine manufacture. In addition, evidence was presented that although Cooper's permanent residence was with his grandmother, he was often at Daudt's home. Cooper denied any "custodial relationship" to Daudt's children and asserted that proof of such a relationship was required before he could be convicted of child endangerment. See Report of Proceedings at 442-44. The jury found Cooper guilty on all counts.
¶ 4 Cooper appealed, claiming that his conviction under the child endangerment statute was error because neither of Daudt's children was dependent on him, so he could not be accountable for their endangerment. In an unpublished opinion, Division Three of the Court of Appeals affirmed his conviction, holding that the legislature had purposefully omitted parent or caregiver language in the child endangerment statute in favor of "person," and "intended to broaden the class of persons who could be charged under RCW 9A.42.100 to all persons who knowingly or intentionally expose a child to methamphetamine or its ingredients." State v. Cooper, 123 Wash.App. 1019, 2004 WL 2125624, ** 1, 4. Cooper petitioned this court for review, which we granted. State v. Cooper, 154 Wash.2d 1002, 114 P.3d 1199 (2005).

II

Analysis
¶ 5 The child endangerment statute provides:
A person is guilty of the crime of endangerment with a controlled substance if the person knowingly or intentionally permits a dependent child or dependent adult to be exposed to, ingest, inhale, or have contact with methamphetamine or ephedrine, pseudoephedrine, or anhydrous ammonia, that are being used in the manufacture of methamphetamine.
RCW 9A.42.100. Statutory interpretation requires courts to give effect to the legislature's intent and purpose in passing a law. State v. J.P., 149 Wash.2d 444, 450, 69 P.3d 318 (2003). "When the plain language [of a statute] is unambiguous  that is, when the statutory language admits of only one meaning  the legislative intent is apparent, and we will not construe the statute otherwise." Id.
¶ 6 The child endangerment statute is codified in a chapter criminalizing mistreatment of children and dependent adults. The intent section of chapter 9A.42 RCW focuses on parents, custodians, or caregivers. RCW 9A.42.005. Statutory language in nearly every provision of chapter 9A.42 RCW defines "person" exclusively as parents, physical custodians, or caregivers. See RCW 9A.42.020-.037,.060-.080, .110. Therefore, Cooper argues that the definition of "person" in the child endangerment statute should be restricted to parents, custodians, or caregivers. Cooper ignores the obvious  RCW 9A.42.100 unequivocally states that a "person" is guilty of the crime of child endangerment without limiting the term "person" to a parent, caregiver, or physical custodian.
¶ 7 These potential incongruities within chapter 9A.42 RCW do not render the child endangerment statute ambiguous. On the contrary, they notably underscore the plain language of the statute. "Where the Legislature omits language from a statute, *1236 intentionally or inadvertently, this court will not read into the statute the language that it believes was omitted." State v. Moses, 145 Wash.2d 370, 374, 37 P.3d 1216 (2002). Thus, the Court of Appeals properly concluded that the legislature unambiguously intended the child endangerment statute to apply to persons  not just parents, caregivers, or custodians  who knowingly or intentionally expose a child to methamphetamine and its components.
¶ 8 Cooper also asserts that because the statute includes the term "dependent child," the child at issue must have a dependent relationship with the person charged, thereby limiting the statute's applicability to parents, custodians, or caregivers. "Child" is a person under 18 years old. RCW 9A.42.010(3). The term "dependent child" is not defined by the child endangerment statute nor chapter 9A.42 RCW, but we may discern the plain meaning of nontechnical statutory terms from their dictionary definitions. State v. McDougal, 120 Wash.2d 334, 350, 841 P.2d 1232 (1992). "Dependent" means "unable to exist, sustain oneself, or act suitably or normally without the assistance or direction of another or others." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 604 (2002). "Dependent" is also defined as "lacking the necessary means of support and receiving aid from others," and "depend" is defined as "to trust, rely, or place belief or hope [on] often without alternate recourse." Id.
¶ 9 Nothing in the plain language of the child endangerment statute or the dictionary definitions of "dependent" requires that the child must have a dependent relationship with the person charged under the statute beyond what is necessary to establish that the person knowingly or intentionally exposed the child to methamphetamine or its ingredients. In the statute, "dependent" modifies "child," and says nothing about the existence of a relationship between the person and the child at issue. Thus, the plain meaning of dependent child is one who relies on any other  not necessarily the person charged  for basic necessities of life.[2]
¶ 10 We therefore hold that the term "person" as used in the child endangerment statute prohibits all persons from knowingly or intentionally exposing dependent children to the controlled substances listed in the statute. Here, Cooper purposely manufactured methamphetamine in the home of P.D. and E.D., who are known to him and who are dependent children by virtue of their tender years. He thus knowingly and intentionally exposed them to the drug and its ingredients.

III

Conclusion
¶ 11 We affirm the Court of Appeals' application of the child endangerment statute to Cooper, but remand for resentencing consistent with the State's concession that the school zone enhancements should not have been imposed.
ALEXANDER, C.J., C. JOHNSON, MADSEN, CHAMBERS, OWENS, FAIRHURST and J.M. JOHNSON, JJ, concur.
SANDERS, J. (dissenting).
¶ 12 The majority concludes RCW 9A.42.100 unambiguously makes it a crime for a person to expose a third party's dependent to methamphetamine manufacture. I disagree. The plain language of RCW 9A.42.100 is at least ambiguous and, more plausibly, applies only when the custodian of a dependent person exposes that person to methamphetamine manufacture.
¶ 13 Richard Cooper was convicted under RCW 9A.42.100 of endangering his girl friend's two children by exposing them to methamphetamine manufacture. The children are not his dependents, and he denies any custodial relationship to them. Cooper contends his conviction is invalid because RCW 9A.42.100 applies only when the custodian *1237 of a dependent person exposes his dependent to methamphetamine manufacture.

I. RCW 9A.42.100 IS AMBIGUOUS
¶ 14 A statute subject to more than one reasonable interpretation is ambiguous. See, e.g., State v. Roggenkamp, 153 Wash.2d 614, 621, 106 P.3d 196 (2005). The majority insists the plain language of RCW 9A.42.100 unambiguously "applies to any person who knowingly or intentionally exposes a child to methamphetamine or its ingredients." Majority at 1234. I find its conclusion tendentious and implausible.
¶ 15 To the contrary, a casual reader of RCW 9A.42.100 would assume it applies only to the custodian of a dependent person. The statute provides, "A person is guilty of the crime of endangerment with a controlled substance if the person knowingly or intentionally permits a dependent child or dependent adult to be exposed to, ingest, inhale, or have contact with methamphetamine or ephedrine, pseudoephedrine, or anhydrous ammonia, that are being used in the manufacture of methamphetamine." RCW 9A.42.100. One naturally assumes a law criminalizing the endangerment of dependents addresses their custodians.
¶ 16 And reading the statute in context only confirms that assumption. "The `plain meaning' of a statutory provision is to be discerned from the ordinary meaning of the language at issue, as well as from the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." State v. Jacobs, 154 Wash.2d 596, 600, 115 P.3d 281 (2005). Every other statute in chapter 9A.42 RCW specifically addresses only custodians of dependent persons. And when statutes "`relate to the same thing or class, they are in pari materia and must be harmonized if possible.'" Monroe v. Soliz, 132 Wash.2d 414, 425, 939 P.2d 205 (1997) (quoting King County v. Taxpayers of King County, 104 Wash.2d 1, 9, 700 P.2d 1143 (1985)). The express purpose of chapter 9A.42 RCW is to protect dependent persons from their custodians. See RCW 9A.42.005 (finding "there is a significant need to protect children and dependent persons, including frail elder and vulnerable adults, from abuse and neglect by their parents, by persons entrusted with their physical custody, or by persons employed to provide them with the basic necessities of life"). Why treat RCW 9A.42.100 as the odd man out?
¶ 17 The majority's oh-so-rigorous reading renders the term "dependent child" quite redundant. And the dutiful exegete deplores redundancy. "We are duty bound to give meaning to every word the legislature includes in a statute, and we must avoid rendering any language superfluous." Berrocal v. Fernandez, 155 Wash.2d 585, 599-600, 121 P.3d 82 (2005). Most probably the peculiar structure of RCW 9A.42.100 reflects nothing more than careless drafting, a suspicion buttressed by its late and lonely addition to chapter 9A.42 RCW.[1] Notably, elsewhere in chapter 9A.42 RCW the legislature refers to "children and other dependent persons," see, e.g., RCW 9A.42.090, implying it intended "dependent child" to capture a relationship, and not merely a status. So I am compelled to conclude RCW 9A.42.100 refers to dependents because it means to protect dependents from their custodians, in concert with its brethren.
¶ 18 In any case, it seems transparently clear that RCW 9A.42.100 is at least ambiguous. And ambiguous statutes demand careful construction.

II. UNDER THE RULE OF LENITY, RCW 9A.42.100 APPLIES ONLY TO THE CUSTODIAN OF A DEPENDENT PERSON
¶ 19 Thankfully, certain canons of statutory construction spring to our assistance. And when we find ourselves compelled to construe a criminal statute, first among those canons is the rule of lenity. Its command is quite simple: we must strictly construe ambiguous statutes in favor of the defendant. See State v. Jacobs, 154 Wash.2d 596, 603, 115 P.3d 281 (2005) and United States v. Enmons, 410 U.S. 396, 411, 93 S.Ct. 1007, 35 L.Ed.2d 379 (1973) (criminal statutes "must *1238 be strictly construed, and any ambiguity must be resolved in favor of lenity").
¶ 20 Construed in Cooper's favor, RCW 9A.42.100 does not apply. "The rule of lenity rests on the notion that people are entitled to know in advance whether an act they contemplate taking violates a particular criminal statute, even if the act is obviously condemnable and even if it violates other criminal statutes." Dixson v. United States, 465 U.S. 482, 511, 104 S.Ct. 1172, 79 L.Ed.2d 458 (1984) (O'Connor, J., dissenting). Cooper exposed dependent children to methamphetamine manufacture, but not his own dependent children. And under the rule of lenity, RCW 9A.42.100 applies only to the custodian of an endangered dependent.
¶ 21 Consequently I dissent.
NOTES
[1] For the first time, Cooper also argues that he received ineffective assistance at trial because his attorney failed to object to the untimely introduction of school zone enhancement evidence. The State concedes that Cooper did receive ineffective assistance of counsel. Thus, we remand his case for resentencing consistent with that concession.
[2] Because the statute is plain on its face, an in pari materia argument is irrelevant, as is any reliance on legislative history. We do not resort to these tools of statutory construction where the meaning of a statute is clear. See State v. Hennings, 129 Wash.2d 512, 522, 919 P.2d 580 (1996).
[1] RCW 9A.42.100 was enacted in 2002, long after the rest of RCW 9A.42.