# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CATHY MONTGOMERY, | No. 56838-1-II |
| Appellant, | |
| v. | |
| DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OF WASHINGTON, | UNPUBLISHED OPINION |
| Respondent. | |

GLASGOW, C.J. — Cathy M. Montgomery, who sustained injuries as a restaurant server, made two workers' compensation claims with the Department of Labor & Industries. The Department closed the first claim with an award for permanent partial disability but without ongoing time loss compensation, and it rejected the second claim. Montgomery appealed both orders to the Board of Industrial Insurance Appeals. An industrial appeals judge required an additional few days of time loss compensation in the first claim but otherwise affirmed.

Montgomery then submitted a petition for Board review two days late. The Board determined that Montgomery's petition was untimely and adopted the industrial appeals judge's proposed decision and order. Next, Montgomery filed with the Board a CR 60(b) motion for relief from the Board's order. The Board denied her motion.

Montgomery appealed to superior court. She introduced facts that were not before the Board. The trial court excluded the new facts. It then affirmed.

Montgomery appeals, arguing that the trial court should have allowed her to introduce the additional evidence, that her petition was timely filed under RCW 51.52.104, and that the trial court erred by affirming the Board's order denying her CR 60(b) motion. We affirm.

## FACTS

Montgomery sustained injuries while working as a restaurant server. As a result, she made two workers' compensation claims with the Department. The Department initially accepted the first claim but ultimately suspended her time loss compensation and "closed her claim with an award for permanent partial disability." Admin. Rec. (AR) at 42. The Department rejected the second claim.

Montgomery appealed the Department's orders to the Board. On January 17, 2020, an industrial appeals judge issued a proposed decision and order. In addressing the first claim, the industrial appeals judge directed the Department to issue a new order paying Montgomery time loss compensation for a few additional days but otherwise affirmed. The judge also affirmed the Department's rejection of the second claim.

## I. PETITION FOR REVIEW

Montgomery decided to contest the proposed decision and order by filing a petition for review with the Board. The Board granted two 20-day extensions of the time for filing a petition. On March 2, 2020, the Board sent a letter granting the second extension, giving a due date of March 24, 2020.

While preparing the petition for review, Montgomery's attorney reviewed the letter extending the due date to March 24, 2020. But he mistakenly recalled the new due date as being two days later.

On March 18, 2020, the attorney gave a draft of the petition for review to his legal assistant. The attorney told the assistant he thought the petition was due on March 26, 2020. His legal assistant did not check the due date in the client file.

Montgomery electronically filed the petition for review on the morning of March 26, 2020, two days after the deadline. That day, the Board sent a letter acknowledging receipt and stating that it would "issue an order either granting or denying the petition within 20 days." AR at 10.

In the afternoon of that same day, Montgomery's attorney realized he had missed the due date by two days. The following day, he filed a request for relief from the filing date with the Board. He based the request on a declaration from his legal assistant. His legal assistant said the attorney had advised her "that he thought the [p]etition was due to be filed with the Board on March 26, 2020." AR at 5. Explaining that she had a respiratory disease that periodically results in recurrent pneumonia, she implied that fear of COVID-19 was causing her stress, and she said that in her "normal state of mind unaffected by the stress of COVID-19, [she] would have checked the due date." AR at 6. She further explained that the office's receptionist had only been able to work one day that week due to concerns about her young daughter contracting the virus, resulting in the legal assistant answering all the office's phone calls.

On April 13, 2020, 18 days after the petition was filed, the Board sent a letter stating that it had received Montgomery's request for relief from the filing date, and it had determined that her petition was untimely. The Board adopted the industrial appeals judge's proposed decision and order, ruling that no petition for review that complied with the deadline in RCW 51.52.104 had been filed.

II. CR 60(B) MOTION TO THE BOARD AND ORIGINAL APPEAL TO SUPERIOR COURT

Montgomery filed with the Board a timely CR 60(b) motion for relief from the Board's order adopting the industrial appeals judge's proposed decision and order. She put forth two grounds for relief.

First, Montgomery sought relief under CR 60(b)(1) for mistake or inadvertence by her attorney. In a declaration in support of the motion, her attorney said that although he reviewed the letter from the Board setting a March 24 deadline, he "somehow had it in [his] mind that the filing [date] was on Thursday, March 26, 2020." AR at 310.

Second, Montgomery sought relief under CR 60(b)(11) for "[a]ny other reason justifying relief from the operation of the judgment." Her attorney said that "the State of Washington, the United States of America, and the World [had] been under siege by the pandemic known as the COVID-19 virus." AR at 310. He made note of Governor Jay Inslee's March 23, 2020 statewide order prohibiting non-essential businesses "from conducting all activities and operations except minimum basic operations." AR at 327. He explained, "I cannot say what [effect] the COVID-19 virus pandemic has had upon me, but I do have risk factors if I acquire the virus." AR at 311. He also referenced his legal assistant's declaration, noting the receptionist's absence during the week the petition for review was due.

Before the Board ruled on the CR 60(b) motion, Montgomery appealed the Board's order to superior court. Subsequently, the Board sent a letter explaining that the superior court had jurisdiction, and the Board would not take any further action in the matter. The superior court then entered a judgment requiring the Board to consider Montgomery's CR 60(b) motion and decide

4

whether her petition for review should be considered timely filed under CR 60(b)(1) or CR 60(b)(11).

The Board denied Montgomery's CR 60(b) motion. The Board reasoned that "an error of office procedure such as calendaring an incorrect due date . . . cannot be the basis for extending a statutorily created deadline" and that Montgomery had not established "any nexus between the ongoing extraordinary circumstance attendant to the COVID-19 pandemic and the late [filing]." AR at 302-303.

### III. AMENDED APPEAL TO SUPERIOR COURT

Montgomery filed an amended notice of appeal in superior court, adding the Board's denial of her CR 60(b) motion. With her trial brief, Montgomery introduced facts that were not before the Board. The Department moved "to exclude all facts, issues, and evidence extraneous to the Certified Appeal Board Record" pursuant to RCW 51.52.115, which states that a party cannot include evidence or testimony outside the Board's record unless the appeal alleges and the new evidence addresses "irregularities in procedure before the [B]oard." Clerk's Papers (CP) at 31; RCW 51.52.115. Specifically, the Department moved to exclude a newspaper article about Governor Inslee's stay-at-home order that was attached to Montgomery's trial brief. The Department also moved to exclude the following statements or facts discussed in Montgomery's trial brief, but not in the record before the Board:

- Factual statements about COVID-19's local, national, and international impact;
- Factual statements about the law practice of Montgomery's attorney;
- The factual allegation that the legal assistant's fear of contracting COVID-19 affected her ability to function on the day before the petition for review was due;
- The factual allegation that the Board was affected by COVID-19, as demonstrated by the fact that it took more than two weeks to enter its order adopting the industrial appeals judge's proposed decision and order;

- The factual allegation that the Board always waits three days after the petition for review deadline to adopt a proposed decision and order.

In response, Montgomery filed a memorandum and a declaration by her attorney. In his declaration, her attorney said that in "this appeal apparently affected by the COVID-19 Pandemic, the Board did not enter an order adopting the Proposed Decision and Order until April 13, 2020, over two weeks after the Petition for Review was filed, which is an irregularity of the Board." CP at 35. Regarding the general information about COVID-19 Montgomery submitted in her trial brief, the attorney said that "the facts alleged can be [fact-checked], and are information generally known in the community by people who are paying attention to what is going on in the world and read newspapers." CP at 36.

The superior court granted the Department's motion to exclude new facts and factual allegations. When discussing the statutory exception allowing the trial court to consider new evidence related to irregularities in procedure before the Board, the superior court stated that it did not "see any alleged irregularities" because it appeared that Montgomery "had an opportunity to present whatever evidence she wanted to before the Board." Verbatim Rep. of Proc. (VRP) at 9. The superior court then rejected Montgomery's argument that the Board's delay in entering its order adopting the proposed decision and order was an irregularity. The superior court did not find the timing of the Board's issuance of its final decision to be relevant, in part because absent a timely petition, the proposed decision became final by operation of law on the day after the petition was due. Thus, there was no procedural irregularity that could support consideration of new factual allegations or evidence.

The parties proceeded to a bench trial. The trial court affirmed the Board's order. It found "that the failure to calendar by an attorney simply doesn't constitute a mistake or inadvertence,

6

such that a decision or order can be vacated under CR 60(b)(1)." VRP at 30. And it held that

Montgomery was not entitled to relief under CR 60(b)(11):

> The question is whether the Board's decision that there was no nexus between COVID and the missing of the deadline was appropriate or was an abuse of discretion. I do not find that the Board's decision was [an abuse of discretion]. I do not find that [Montgomery] has proved by a preponderance of the evidence that the decision was incorrect.

*Id.*

The trial court issued an order granting the Department's motion to exclude new facts and factual allegations. It also issued a judgment for the Department, affirming the Board's order denying Montgomery's motion to vacate the Board's prior order adopting the industrial appeals judge's proposed decision and order.

Montgomery timely appealed both the order and the judgment.

ANALYSIS

I. MOTION TO EXCLUDE

Montgomery argues that the trial court should have denied the motion to exclude extraneous information because there were procedural irregularities before the Board, and the superior court can consider new evidence in these circumstances. She explains that the Board sent a letter on March 26, 2020, acknowledging receipt of Montgomery's petition for review and stating that it would issue an order within 20 days "as if there were no questions as to timeliness of the petition." Reply Br. at 4. Then, the Board did not issue the order adopting the proposed decision and order until April 13, 2020, 18 days later. Montgomery contends that the Board's actions show that it "was obviously affected by COVID-19." Br. of Appellant at 12 n.1. We disagree.

Appeals from the Board to a superior court can only raise issues of law or fact "as were properly included in the notice of appeal to the [Board], or in the complete record of the proceedings before the [Board]." RCW 51.52.115. Appeals to the superior court cannot include evidence or testimony outside the Board's record. *Id.* However, if the appeal alleges "irregularities in procedure before the [Board]," testimony on the irregularities "may be taken in the superior court." *Id.*

The legislature has not defined the term "irregularities" for purposes of Title 51 RCW. *See* ch. 51.08 RCW. However, we "'may discern the plain meaning of nontechnical statutory terms from their dictionary definitions.'" *State v. Kintz*, 169 Wn.2d 537, 547, 238 P.3d 470 (2010) (quoting *State v. Cooper*, 156 Wn.2d 475, 480, 128 P.3d 1234 (2006)). Webster's Dictionary defines "irregularity" as "the quality or state of being irregular," and it defines "irregular" as "improper or inadequate because of failure to conform to a prescribed course." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1196 (2002).

RCW 51.52.106 delineates the Board's procedure for responding to petitions for review. After receiving a petition for review, the Board "may, *within twenty days* . . . decline to review the proposed decision and order and thereupon deny the petition or petitions." RCW 51.52.106 (emphasis added). "*In such event all parties shall forthwith be notified in writing of said denial*." *Id.* (emphasis added).

Here, the trial court did not err when it granted the Department's motion to exclude new facts and factual allegations. The record shows no procedural irregularities that would have allowed Montgomery to present evidence from outside the administrative record. Montgomery argues that the Board's delay in issuing an order was a procedural irregularity, but she

8

demonstrates no delay. On March 26, 2020, the Board sent Montgomery a letter acknowledging that it received her petition for review and stating that it would "issue an order either granting or denying the petition within 20 days." AR at 10. This timeframe meets the requirements in RCW 51.52.106. Then, 18 days later, the Board issued an order as promised, confirming receipt of Montgomery's request for relief from the filing date and informing her that it determined her petition was untimely. The Board informed all parties of the denial as required by RCW 51.52.106. Thus, the Board's actions did not demonstrate a failure to conform with statutory requirements.

Even if there had been a delay, such a delay would not have amounted to a procedural irregularity because Board delays are accounted for under the statutory scheme. RCW 51.52.104 states that if no party files a timely petition for review, the Board adopts the industrial appeals judge's proposed decision and order. If the Board does not formally sign an order adopting the proposed decision and order on the day after the petition for review was due, "said proposed decision and order shall be deemed adopted by the [Board] and become the decision and order of the [Board]." RCW 51.52.104. Thus, the statute contemplates possible delays or Board inaction and provides a date when the proposed decision becomes the Board's final decision by operation of law. In other words, the legislature expected delay or inaction to occur in some cases and addressed what would happen in that event, which does not result in a procedural irregularity warranting additional evidence before the superior court.

While Montgomery contends that COVID-19 was affecting the Board when she filed her petition, she does not demonstrate that the pandemic created "irregularities in procedure *before the [Board]*" as RCW 51.52.115 requires. RCW 51.52.115 (emphasis added). Nothing in the record indicates that COVID-19 impacted the Board's procedures or its processing of Montgomery's

case. And to the extent that Montgomery's argument below was an argument for the trial court to take judicial notice of the COVID-19 pandemic more generally, as discussed in more detail below, the Board and the trial court did acknowledge COVID-19 and they considered whether there was a sufficient connection between COVID-19 and the filing delay that occurred here.

Because there were no procedural irregularities before the Board, the trial court was statutorily prohibited from receiving evidence from outside the administrative record. Accordingly, the trial court did not err when it granted the Department's motion to exclude new facts and factual allegations.

## II. TIMELINESS OF THE PETITION FOR REVIEW TO THE BOARD

Montgomery argues, primarily in her Reply, that she did not file her petition for review late. She contends that because "RCW 51.52.104 provides that filing a petition for review is perfected by mailing," the Board accounts for mailing time by waiting "until the third day following the date the [p]etition for review is due in Olympia before adopting the proposed decision and order of the industrial appeals judge." Br. of Appellant 11-12. Therefore, Montgomery contends that because she electronically filed her petition for review before March 27—three days after the March 24 due date—it was essentially timely. She adds that courts liberally construe Title 51 RCW and "all doubts about the meaning of RCW 51.52.104 must be construed" in her favor. *Id.* at 12. We disagree with Montgomery's interpretation of the statute.

RCW 51.52.104 states that within 20 days, "or such further time as the [Board] may allow on written application of a party . . . any party may file with the [Board] a written petition for review" of an industrial appeals judge's proposed decision and order. If "no petition for review is filed as provided herein by any party, the proposed decision and order of the industrial appeals

judge shall be adopted by the [Board] and become the decision and order of the [Board]." *Id.* "Only if the statute is ambiguous would we be able to employ a liberal construction to it for the benefit of the injured worker." *Harris v. Dep't of Lab. & Indus.*, 120 Wn.2d 461, 472 n.7, 843 P.2d 1056 (1993).

Here, the statute is not ambiguous. RCW 51.52.104 unequivocally states that within 20 days or an amount of time the Board specifically allows, any party may file a petition for review. The timing of the Board's adoption of the proposed decision and order does not affect when the petition for review must be filed. Because Montgomery did not file her petition within the time the statute and the Board allowed, her petition was untimely, and the proposed decision became the decision and order of the Board.

### III. CR 60 MOTION FOR RELIEF FROM JUDGMENT OR ORDER

A.      Standard of Review

In reviewing a trial court's judgment reviewing the Board's decision, we examine "the record 'to see whether substantial evidence supports the findings made after the superior court's de novo review, and whether the court's conclusions of law flow from the findings.'" *Harder Mech., Inc. v. Tierney*, 196 Wn. App. 384, 392, 384 P.3d 241 (2016) (quoting *Ruse v. Dep't of Lab. & Indus.*, 138 Wn.2d 1, 5-6, 977 P.2d 570 (1999)); *see also Matthews v. Dep't of Lab. & Indus.*, 171 Wn. App. 477, 493, 288 P.3d 630 (2012). If the superior court did not make written findings of fact, we may consider its oral findings where the law, the record, and the trial court's opinion are clear. *Shelden v. Dep't of Licensing*, 68 Wn. App. 681, 685, 845 P.2d 341 (1993). Moreover, where the superior court affirms the Board's judgment but fails to make its own findings and conclusions, this court will consider whether the Board's findings and conclusions are legally

and factually sufficient. *Harder*, 196 Wn. App. at 392. The Board's significant published decisions "are nonbinding, but persuasive authority for this court." *O'Keefe v. Dep't of Lab. & Indus.*, 126 Wn. App. 760, 766, 109 P.3d 484 (2005).[1]

B.      Mistake or Inadvertence

Montgomery argues that the trial court wrongfully affirmed the Board's denial of relief under CR 60(b)(1). Br. of Appellant at 10. The Department argues that mistakes "from a lack of diligence, such as calendaring errors leading to missed deadlines, are not the type of mistakes CR 60(b)(1) contemplates." Br. of Resp't at 17. We agree with the Department.

Where not in conflict with its own rules, the Board follows the civil rules for superior courts. WAC 263-12-125. "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding" due to "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." CR 60(b)(1). A CR 60(b) motion "is not a substitute for appeal and does not allow a litigant to challenge the underlying judgment." *In re the Vulnerable Adult Pet. for Winter*, 12 Wn. App. 2d 815, 830, 460 P.3d 667 (2020).

---

[1] The Department argues that we should review the trial court's denial of Montgomery's CR 60 motion for abuse of discretion. It contends that in "an appeal from a superior court's decision in a workers' compensation case, the ordinary civil standard of review applies," citing *Malang v. Dep't of Lab. & Indus.*, 139 Wn. App. 677, 162 P.3d 450 (2007). Br. of Resp't at 13. And it points out that this court typically reviews a trial court's denial of a CR 60 motion for abuse of discretion. *Id.* at 14 (citing *Coogan v. Borg-Warner Morse Tec Inc.*, 197 Wn.2d 790, 490 P.3d 200 (2021)). However, the *Malang* court was reviewing a trial court's grant of a motion for summary judgment rather than a trial court's judgment affirming the Board's order. 139 Wn. App. at 683. Additionally, *Coogan* does not apply here because it concerns a wrongful death claim, not a workers' compensation claim under chapter 51.52 RCW. 197 Wn.2d at 796-99. The *Coogan* court did not review a Board decision. *Id.* at 799-800.

Where the deadline for a petition for review is clear, a party's failure to abide by it does not entitle it to relief under CR 60(b)(1). *See B&J Roofing, Inc. v. Bd. of Indus. Ins. Appeals*, 66 Wn. App. 871, 876, 832 P.2d 1386 (1992); *In re Wiyrick*, Nos. 01 11323, 01 12028, at 2, (Wash. Bd. of Indus. Ins. Appeals Aug. 26, 2003), http://www.biia.wa.gov/SDPDF/0111323.pdf. For example, in *B&J Roofing*, a contractor challenged an industrial appeals judge's proposed decision and order by filing a petition for review with the Board. 66 Wn. App. at 873. Although a notice accompanying the proposed decision and order "clearly stated" that the petition needed to be filed with the Board's Olympia office, the contractor sent its petition only to the Office of the Attorney General. *Id.* Having received no timely petition, the Board issued an order adopting the proposed decision and order. *Id.* When the Board refused to reconsider its order, the contractor appealed the Board's decision to superior court. *Id.* at 874. The Board and Department moved to dismiss the appeal, and the superior court granted the motion. *Id.* The contractor appealed, arguing that "the Board had the authority to reconsider its final order under CR 60(b)," which "permits relief from a judgment or order which results from excusable neglect." *Id.* at 875-76. The court affirmed the superior court, finding that the contractor presented "no case law supporting its contention that this error amounted to excusable neglect." *Id.* at 876.

Additionally, in *Wiyrick*, a claimant requested an extension on the deadline for his petition for review, and the Board gave him a new deadline of April 17, 2002. *Wiyrick*, Nos. 01 11323 & 01 12028, at 1.The claimant filed a petition on April 19, 2002. *Id.* The Board found the petition untimely and adopted the proposed decision and order pursuant to former RCW 51.52.104 (1985).[2]

---

[2] Former RCW 51.52.104's relevant language was the same as the current version of the statute. Former RCW 51.52.104 (1985).

*Id.* The claimant filed a CR 60 motion to vacate. *Id.* In requesting relief, the claimant's attorney "indicated that, after receiving the transcripts and the letter granting the extension of time in which to file a petition for review, the time for which the extension had been granted was not calendared properly." *Id* at 1-2. The Board held that the "breakdown of office procedures or secretarial error, which [resulted] in claimant's failure to file a timely petition for review, cannot be considered excusable neglect." *Id.* at 2.

Here, Montgomery's failure to abide by the petition for review deadline does not entitle her to relief under CR 60(b)(1). The deadline was clear, and her attorney was responsible for taking the necessary steps to abide by it. Substantial evidence supports the superior court's finding that Montgomery's petition was untimely because of her attorney's failure to calendar the correct due date. According to her attorney, while a letter from the Board stated that the due date was March 24, 2020, he "somehow had it in [his] mind that the filing [date] was on Thursday, March 26, 2020." AR at 310. Although his legal assistant did not verify the due date, he was responsible for ensuring that she was exercising diligence. *See, e.g.*, RPC 5.3(b) (stating that a lawyer who directly supervises a nonlawyer must "make reasonable efforts to ensure that the [nonlawyer's] conduct is compatible with" the lawyer's professional obligations). Whether characterized as mistake and inadvertence or excusable neglect, the court's conclusion of law flows from the finding because CR 60(b)(1) does not provide relief where attorneys faced with clear deadlines do not take the necessary steps to abide by them.

14

C.      Other Reasons Justifying Relief and COVID-19

Montgomery argues that "there is a substantial connection or nexus between the extraordinary circumstances caused by COVID-19, and the filing of the [petition for review]," entitling her to relief under CR 60(b)(11). Br. of Appellant at 10. She contends that if her attorney's legal assistant had "been functioning normally, unaffected by the threat of COVID-19," she would have checked Montgomery's file, found the correct due date, and ensured timely filing of Montgomery's petition for review. *Id.* at 9.

The Department argues that by "Montgomery's own admission, the reason she filed the petition two days late was because her counsel had it 'in his mind' that the due date was March 26, 2020 and he told his staff the wrong date." Br. of Resp't at 21. The Department contends that CR 60(b)(11) "is not appropriate" because the circumstances leading to the late filing were "entirely within Montgomery's control." *Id.* at 21-22. We agree with the Department that relief under CR 60(b)(11) is not warranted in this case.

"On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for . . . [a]ny other reason justifying relief from the operation of the judgment." CR 60(b)(11). "CR 60(b)(11) 'applies to extraordinary circumstances involving irregularities extraneous to the proceeding.'" *Dzaman v. Gowman*, 18 Wn. App. 2d 469, 478, 491 P.3d 1012 (2021) (quoting *Shandola v. Henry*, 198 Wn. App. 889, 895, 396 P.3d 395 (2017)). "This catchall provision is 'intended to serve the ends of justice in extreme, unexpected situations and when no other subsection of CR 60(b) applies.'" *Id.* (quoting *Shandola*, 198 Wn. App. at 895).

15

Here, Montgomery is not entitled to relief under CR 60(b)(11) because she has not shown a sufficient connection between COVID-19 and the late filing. Substantial evidence supports the Board's and the superior court's findings of a lack of connection between COVID-19 and the missed deadline. While Montgomery contends that her attorney's legal assistant would have checked the deadline had she been free of the stress COVID-19 was causing her, the attorney ultimately gave the legal assistant the wrong deadline, and he was responsible for ensuring timely filing. *See* RPC 5.3(b). Montgomery's attorney conceded that COVID-19 did not interfere with his ability to carry out his duties, stating that he could not say what effect the pandemic had on him. The Board's and superior court's conclusions of law flow from the finding because while COVID-19 qualifies as an extreme, unexpected situation, it did not create obstacles to electronically filing the petition with the Board that were extreme and unexpected in and of themselves. Therefore, Montgomery is not entitled to relief under CR 60(b)(11).

## CONCLUSION

We affirm the trial court's grant of the Department's motion to exclude new facts and factual allegations. We hold that Montgomery's petition for review was untimely under RCW 51.52.104. Finally, we affirm the trial court's judgment affirming the Board's denial of Montgomery's CR 60(b) motion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

16

No. 56838-1-II

Glasgow, C.J.
_____
Glasgow, C.J.

We concur:

_____
Lee, J.

_____
Price, J.

17