[No. 30221-1-III. Division Three. January 31, 2012.]

REBECCA E. DESMON ET AL., *Appellants*, v. THE DEPARTMENT OF LICENSING, *Respondent*.

*Eric T. Nordlof, Elyse B. Maffeo* (of *Public School Employees of Washington*), and *Jason MacKay*, for appellants.

*Robert M. McKenna, Attorney General*, and *Toni M. Hood, Assistant*, for respondent.

¶1 KORSMO, J. — The Department of Licensing lacked authority to cancel Rebecca Desmon's commercial driver's license after she failed an audit retest. We therefore reverse and remand.

## FACTS

¶2 As a school bus driver, Rebecca Desmon held a commercial driver's license (CDL). In order to receive her CDL, Ms. Desmon successfully passed a skills test. Her examina-

tion was administered by an authorized third-party tester. The Department of Licensing (DOL) is required by federal law to audit third-party testers once per year.[1] DOL conducts these audits by requiring drivers who were examined by third-party testers to undergo a skills test administered by a DOL employee in order to compare pass/fail results.

¶3 In June 2009 Ms. Desmon was notified that she had been randomly selected to retest as part of the third-party tester audit process. She took the test but failed. Shortly thereafter, she was notified by DOL that her license was being canceled because of the failed audit retest. She was informed that she must retake and pass the applicable tests to reinstate her license.

¶4 Rather than retake those tests, Ms. Desmon sought an administrative hearing. The hearing officer affirmed DOL's actions. On appeal, the superior court granted summary judgment in DOL's favor. Ms. Desmon then sought direct review from the Supreme Court, which transferred the case to this court.

## ANALYSIS

¶5 This appeal requires us to determine whether DOL may act against Ms. Desmon's CDL solely because she failed an audit retest and whether it may cancel the license.

¶6 DOL contends that RCW 46.20.305 authorized it to cancel Ms. Desmon's CDL because she failed the audit retest and did not act to reinstate her license. That statute provides:

(1) *The department, having good cause to believe that a licensed driver is incompetent or otherwise not qualified to be licensed may upon notice require him or her to submit to an examination.*

(2) The department shall require a driver reported under RCW 46.52.070(2) and (3) to submit to an examination. The

---

[1] 49 C.F.R. § 383.75(a)(2).

examination must be completed no later than one hundred twenty days after the accident report required under RCW 46.52.070(2) is received by the department unless the department, at the request of the operator, extends the time for examination.

(3) The department may in addition to an examination under this section require such person to obtain a certificate showing his or her condition signed by a licensed physician or other proper authority designated by the department.

(4) *Upon the conclusion of an examination under this section the department shall take driver improvement action as may be appropriate and may suspend or revoke the license of such person or permit him or her to retain such license, or may issue a license subject to restrictions as permitted under RCW 46.20.041. The department may suspend or revoke the license of such person who refuses or neglects to submit to such examination.*

(5) The department may require payment of a fee by a person subject to examination under this section. The department shall set the fee in an amount that is sufficient to cover the additional cost of administering examinations required by this section.

RCW 46.20.305 (emphasis added).

■ ¶7 Courts will construe only ambiguous statutes. *Burton v. Lehman*, 153 Wn.2d 416, 422, 103 P.3d 1230 (2005). A statute is ambiguous where its words may have more than one meaning. *Id.* at 423. However, where a statute is unambiguous, we will give words their plain meaning and presume that legislative intent is clearly expressed. *Id.* at 422. Here, neither party contends that RCW 46.20.305 is ambiguous. We agree. Accordingly, we will give the words their plain meaning.

■ ¶8 A plain reading of the applicable provisions outlines a clear procedure by which the department may act against a license. First, DOL may require a licensed driver to submit to an examination *if it has good cause* to believe that he or she is either incompetent or otherwise not

qualified. RCW 46.20.305(1). Second, after the driver has retested, DOL may either suspend or revoke his or her license if necessary; however it must also take any actions it deems necessary to help the driver improve his or her performance. RCW 46.20.305(4). Finally, if the driver fails to take the retest, DOL may nonetheless suspend or revoke his or her license. *Id.*

¶9 As applied here, Ms. Desmon's failed exam could have provided good cause only to require her to take *another* examination. RCW 46.20.305(1). The audit examination was not the result of the department having "good cause" to test Ms. Desmon. It was authorized by the audit program. The failure to pass the audit test then gave DOL "good cause" to require a retest. *Id.* Only when the results of that retest were known could DOL have acted against her CDL. RCW 46.20.305(4). The department could also have acted against her CDL had she refused or neglected to take the retest. *Id.* However by failing to require Ms. Desmon to take a good cause examination *prior* to acting against her license, DOL acted beyond its statutory authority.

¶10 The audit retest was not given under the authority of RCW 46.20.305(1). The department erred in taking action under that statute due to the failed audit test.

 ¶11 DOL also acted without authority when it canceled her license. As discussed above, the plain language of RCW 46.20.305(1) states that the department may require a licensed driver to submit to an examination if it believes him or her to be incompetent or otherwise not qualified to be licensed. Once the driver either fails or refuses the retest, DOL may either *suspend* or *revoke* his or her license. RCW 46.20.305(4). Nowhere does the statute provide that it may *cancel* a license under these circumstances.

¶12 This omission is critical, since we will not read additional language into a statute regardless of whether an omission was intentional or accidental. *State v. Cooper*, 156

Wn.2d 475, 480, 128 P.3d 1234 (2006). The terms "suspend," "revoke," and "cancel" are each defined by statute:

"Cancel," in all its forms, means invalidation indefinitely.

RCW 46.04.090.

"Revoke," in all its forms, means the invalidation for a period of one calendar year and thereafter until reissue. However, under the provisions of RCW 46.20.285, 46.20.311, 46.20.265, 46.61.5055, and chapters 46.32 and 46.65 RCW, the invalidation may last for a period other than one calendar year.

RCW 46.04.480.

"Suspend," in all its forms and unless a different period is specified, means invalidation for any period less than one calendar year and thereafter until reinstatement.

RCW 46.04.580.

¶13 The legislature has defined each term within the motor vehicle title and applies them in different circumstances. It is evident that it has used the term "cancel" as a term of art where it wants DOL to have that authority. *See* RCW 46.20.207(1) (authorizing cancelation of licenses). However, when the legislature empowered DOL to "suspend" or "revoke" a license pursuant to RCW 46.20.305(4), it did not grant it the authority to "cancel." Accordingly, when DOL canceled Ms. Desmon's CDL, it again acted without statutory authority.

¶14 We recognize that DOL was acting to protect the public from a bus driver who it believed was unsafe. Nonetheless, a plain reading of RCW 46.20.305 shows that the department acted without statutory authority when it canceled Ms. Desmon's license rather than requiring her to

submit to a good cause examination. We therefore reverse and remand for proceedings consistent with this opinion.[2]

KULIK, C.J., and SWEENEY, J., concur.

---

[2] Because of our disposition of this case, we need not address Ms. Desmon's other contentions.