# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

SEATTLE CHILDREN'S HOSPITAL,

Appellant,

v.

BONNIE RICE,

Respondent.

No. 78536-2-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: August 5, 2019

APPELWICK, C.J. — In December 2017, the Board adopted an industrial appeals judge's proposed decision and order, denying the Hospital's petition for review of that order. Four days later, the Hospital filed a CR 60(a) motion to correct a clerical error in the order. The Board denied the Hospital's motion over 30 days later. The Hospital then appealed the Board's decision and order to the King County Superior Court. The trial court found that the Hospital's appeal was not filed within the time required by the Industrial Insurance Act,[1] and dismissed the appeal for lack of subject matter jurisdiction and failure to state a claim. We affirm.

## FACTS

While working as an executive assistant at Seattle Children's Hospital (Hospital) in 2015, Bonnie Rice fell twice, injuring her left and right knees. Rice filed two workers' compensation claims with the Department of Labor and Industries (Department).

---

[1] Title 51 RCW.

In August 2016, the Department issued an order closing Rice's left knee claim with medical benefits. In November 2016, the Department issued two more orders relating to Rice's right knee claim. First, it segregated Rice's right knee osteoarthritis as not caused or aggravated by the industrial injury, and denied the Hospital's responsibility for a right knee total replacement surgery. Second, it segregated her right knee degenerative medial meniscus tear, and closed the claim without permanent partial disability.

The Hospital appealed the Department's August 2016 order to the Board of Industrial Insurance Appeals (Board), seeking to add a provision that would (1) allow Rice's claim "only for a left knee sprain," and (2) segregate four left knee conditions.[2] Rice appealed the Department's two November 2016 orders to the Board. The parties agreed to consolidate the appeals.

On October 10, 2017, an industrial appeals judge (IAJ) issued a proposed decision and order (PD&O) reversing and remanding the Department's three orders. The IAJ directed the Department to affirm the closure of Rice's left knee claim, but to segregate four left knee conditions. The IAJ did not direct the Department to allow Rice's claim "only for a left knee sprain." The IAJ also found that Rice's right knee osteoarthritis was proximately caused or aggravated by the industrial injury, and that the Hospital was responsible for a total right knee replacement. As a result, the IAJ reversed the closure of Rice's right knee claim.

On November 21, 2017, the Hospital filed a petition for review of the PD&O with the Board. The Hospital argued in part that "[c]onclusion of [l]aw number five

---

[2] Rice initially appealed this order as well, but later dismissed the appeal.

2

should be amended to include claim allowance for left knee strain." On December 11, 2017, the Board denied the Hospital's petition for review, and the PD&O became the Board's decision and order.

Four days later, on December 15, the Hospital filed a motion for amendment of judgment and relief from an order pursuant to CR 60(a). In its motion, it argued that, "[b]ased on the [f]indings of [f]act and the Board's discussion, it is clear that the Board's intended decision was that the claimant's August 24, 2015 injury resulted in a left knee strain only." It asserted that amending the decision and order to add language reflecting that Rice's injury resulted in a left knee strain "would accurately reflect the Board's intention as expressed in its decision and by the underlying record." The Hospital characterized the Board's omission of that language as "merely a clerical error rather than a judicial error," and stated that the Board could correct the error through an amended decision and order.

On January 19, 2018, the Board denied the Hospital's motion. In doing so, it explained, "We considered this issue and the employer's argument in our consideration of the [p]etition for [r]eview. Our decision to deny the [p]etition for [r]eview was not the result of a clerical mistake, but a conscious decision of the Board." The Hospital then appealed to the King County Superior Court (1) the December 2017 decision and order, and (2) the January 2018 order denying its CR 60(a) motion. It filed its appeal on January 25, 2018, 45 days after the Board denied its petition for review and adopted the PD&O as its decision and order.

On April 17, 2018, Rice filed a motion to dismiss the Hospital's appeal of the decision and order for lack of jurisdiction under CR 12(b)(1), and failure to state

3

a claim under CR 12(b)(6).[3] She argued that, because the Hospital failed to file its appeal within 30 days of the Board's communication of its final decision and order, the appeal was untimely. The trial court agreed. It found that the Hospital's appeal of the decision and order was not filed within the time required by the Industrial Insurance Act (IIA), Title 51 RCW, and dismissed the Hospital's appeal. However, it found that the Hospital could pursue its appeal regarding conclusion of law number five "made under its CR 60(a) motion." The Hospital appeals.

## DISCUSSION

The Hospital argues that the December 2017 decision and order was not a final appealable order, because it had filed a motion under CR 60. It contends that the Board established the finality of the decision and order by denying its CR 60 motion. The hospital explains, "[I]t was not until the Board reviewed and responded to the Hospital's motion on January 19, 2018 that the [decision and order] in its entirety . . . was final and appealable."

Where, as here, the facts are not at issue, we conduct a de novo review of rulings on motions to dismiss for lack of jurisdiction under CR 12(b)(1) and motions to dismiss for failure to state a claim under CR 12(b)(6). Wells v. Olsten Corp., 104 Wn. App. 135, 139, 15 P.3d 652 (2001).

## I. Industrial Insurance Act

Under RCW 51.52.110 of the IIA, a party has 30 days to appeal a decision and order from the Board to the superior court. Specifically, the statute provides,

---

[3] Rice also argued that the Hospital's appeal of the order denying its motion was baseless, and that the appeal should be dismissed in its entirety.

> Within thirty days after a decision of the board to deny the petition or petitions for review upon such appeal has been communicated . . . or within thirty days after the final decision and order of the board upon such appeal has been communicated . . . such worker, beneficiary, employer or other person aggrieved by the decision and order of the board may appeal to the superior court. If such worker, beneficiary, employer, or other person fails to file with the superior court its appeal . . . within said thirty days, the decision of the board to deny the petition or petitions for review or the final decision and order of the board shall become final.

RCW 51.52.110. "An appeal from an administrative tribunal invokes the appellate, rather than the general, jurisdiction of the superior court." Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County, 135 Wn.2d 542, 555, 958 P.2d 962 (1998). "Acting in its appellate capacity, the superior court is of limited statutory jurisdiction, and all statutory procedural requirements must be met before jurisdiction is properly invoked." Id.

The civil rules for superior court, including CR 60, apply to proceedings before the Board and superior court. Wells, 104 Wn. App. at 142. Unless otherwise provided in chapter 51.52 RCW, the practice in civil cases shall apply to appeals under the IIA. RCW 51.52.140.

## II. Timeliness of Appeal

The Hospital brought its motion under CR 60(a). A superior court's review of a decision by the Board is subject to the civil appeal rules. RCW 51.52.140; Romo v. Dep't of Labor & Indus., 92 Wn. App. 348, 353, 962 P.2d 844 (1998); see also WAC 263-12-125 ("Insofar as applicable, and not in conflict with these rules, the statutes and rules regarding procedures in civil cases in the superior courts of this state shall be followed."). Under RAP 5.2(a) and (e), a CR 60(a) motion does not extend the time to appeal a decision. Therefore, a CR 60(a) motion does not

extend the 30 day period in RCW 51.52.110 to appeal a decision and order from the Board to the superior court.

The Hospital argues first that the decision and order was not a final appealable order of the Board, because it had filed a CR 60 motion. The Hospital relies primarily on Wells.

Wells sought to extend the time to file a petition for review of an IAJ's PD&O, but the Board denied her request as untimely. Wells, 104 Wn. App. at 137-38. As a result, Wells failed to timely submit a petition for review, and the Board adopted the IAJ's PD&O as its final order. Id. at 138. When no petition for review of a PD&O is filed and the Board adopts it, the Board's final order cannot be appealed. RCW 51.52.104. Wells then moved to vacate the Board's final order, characterizing her motion as falling under CR 60 or CR 59(a)(1), (3), (7), or (9). Wells, 104 Wn. App. at 138. After the Board denied her motion, she appealed to the superior court. Id. at 138-39. Wells's former employer, Olsten, moved for dismissal, arguing that neither the Board nor the superior court had jurisdiction to hear the appeal because Wells failed to timely file a petition for review. Id. at 139. The superior court dismissed her appeal for lack of subject matter jurisdiction. Id.

On appeal, Wells argued that both the Board and the superior court had jurisdiction to hear the appeal. Id. This court agreed, and reversed the superior court's decision. Id. at 146. It noted that Olsten mischaracterized Wells's appeal as challenging the Board's order adopting the PD&O, or attempting to alter the jurisdictional deadlines established under the IIA. Id. at 140. But, her notice of appeal clearly stated that she was appealing the Board's order denying her motion

to vacate, not its order adopting the PD&O. Id. And, Wells appealed the Board's denial of her motion within 30 days, the time frame provided under RAP 5.2. Id. at 145. Last, this court found that the Board's denial of Wells's motion to vacate was a final appealable order. Id. at 146. In denying her motion, the Board "reestablished the finality of its ruling adopting the [PD&O] and clearly defined the relationship between Wells and Olsten." Id. at 146.

The Hospital points out that Wells was not appealing the underlying merits of the Board's final order, but rather its denial of her motion to vacate. In contrast, here the Hospital is appealing the underlying merits of the Board's final order and the Board's denial of its CR 60 motion. The Hospital essentially argues that, because the Board's denial of its motion was a final appealable order, the Board's decision and order was not. Like Wells, it states that the Board's denial of its motion reestablished the finality of the Board's ruling adopting the PD&O. It explains, "[I]t was not until the Board reviewed and responded to the Hospital's motion . . . that the [decision and order] was final and appealable." And, unlike Wells, the Hospital observes that the decision and order was appealable because it had timely filed a petition for review.

But, the Hospital filed a CR 60(a) motion to correct a clerical error, not a motion to vacate. Wells does not address this scenario. Thus, Wells fails to support that the Board's decision and order was not appealable until the Board decided the CR 60(a) motion. The Board denied the Hospital's petition for review on December 11, 2017. Thirty days after the Board communicated its decision to deny the Hospital's petition for review, the Board's decision became final on

7

January 10, 2018. RCW 51.52.110. On January 19, 2018 the Board denied the Hospital's CR 60(a) motion, nine days after the Board's decision became final. Therefore, the Board's decision and order was no longer appealable when it decided the Hospital's motion.

The trial court relied on Leuluaialii v. Department of Labor & Industries, 169 Wn. App. 672, 279 P.3d 515 (2012), in finding that the Hospital's appeal was untimely. The Hospital argues second that this case can be distinguished from Leuluaialii.

Leuluaialii had sustained a right knee injury resulting in permanent partial disability, but the Department order closing her claim awarded her for disability to her "right arm" instead of her right knee. Id. at 675. She did not timely appeal the order. Id. at 679. Instead, four months later, she requested a correction of the Department's clerical error. Id. The Department issued a corrected order. Id. It did not change any other part of the final order, and the monetary award remained the same. Id. at 676.

Leuluaialii appealed the corrected order to the Board, arguing that she was "'entitled to allowance of the claim, further treatment, time-loss compensation, or loss of earning power, and increased permanent partial disability award, or a permanent total disability award, and/or adjustment of benefits.'" Id. An IAJ issued a PD&O reversing the Department's corrected order, reasoning that the Department lacked subject matter jurisdiction to issue the order. Id. Leuluaialii petitioned the Board to review the PD&O, and the Board adopted the PD&O's findings and conclusions. Id. at 676-77. The Board then reversed the corrected

order, and the superior court affirmed on the basis that the Department lacked subject matter jurisdiction to issue the order. Id. at 677.

On appeal, this court remanded for the Board to correct the clerical error. Id. at 684. It noted that CR 60(a) allows a court to correct clerical mistakes in a judgment by correcting language that did not convey the court's intention. Id. at 680. It also noted that "[i]t is clear that both the Board and the superior court have jurisdiction to hear a CR 60 motion." Id. As a result, it held that the Board had authority to correct the clerical error to reflect the injury to Leuluaialii's right knee. Id. at 681. But, it recognized that the correction did not create a new final order from which Leuluaialii could appeal, and the correction did not restart the time for her to appeal. Id.

The Hospital notes that the corrected order in Leuluaialii was an order from the Department, not an order from the Board. And, it states that the protest and appeal deadlines for Department orders are not the same as those that apply to Board orders. Still, this court remanded for the Board to correct the clerical error, and made clear that this correction did not create a new order from which Leuluaialii could appeal. Id. Although here the Hospital filed its CR 60(a) motion before the appeal deadline, nothing in Leuluaialii supports that, contrary to RAP 5.2(a) and (e), the motion extended the time for it to appeal. Rather, the Leuluaialii court concluded that a correction made pursuant to CR 60(a) did not restart the time for a worker to appeal. Id.

The Hospital argues third that its CR 60 motion sought to resolve a substantive or judicial question, and therefore fell under CR 59. As a result, it

asserts that its motion extended the 30 day period for filing an appeal under RAP 5.2(a) and (e), and that its appeal was timely.

In its brief, the Hospital characterizes its CR 60(a) motion as a motion for amendment of judgment under CR 59, and a motion for relief from an order under CR 60. It explains that, in the Board's response to the Hospital's motion, the Board did not agree that the alleged error was clerical. The Board stated that it had considered whether to direct the Department to allow the claim for a left knee strain in considering the Hospital's petition for review. It clarified that its decision to deny the petition "was not the result of a clerical mistake, but a conscious decision of the Board." The Hospital argues that, by nature of the Board's decision, the Board took its motion "out of the CR 60(a) context" and effectively rendered "the Hospital's motion one for amendment of judgment under CR 59."

But, the Hospital stated in its motion that the Board's failure to include language allowing for a left knee strain was "merely a clerical error rather than a judicial error." It stated at the hearing on its motion that the "heart" of its motion was "to fix that . . . mistake." And, in denying the motion, the Board stated that it denied the Hospital's "motion for amendment . . . pursuant to CR 60(a)." The Hospital cites no authority to support that the Board's denial of its motion rendered the CR 60(a) motion a CR 59 motion for amendment of judgment. Where a party fails to cite authority to support a proposition, "the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

The Hospital argues last that the trial court would not have had jurisdiction to hear this case if an appeal had been filed before the Board decided its CR 60 motion. It cites no authority to support this proposition. It also asserts that, after an appeal is taken, the Board loses jurisdiction over the appeal and cannot change its prior orders.

A CR 60(a) motion does not extend the period for filing an appeal. Thus, CR 60(a) and RAP 7.2(e) allow a trial court, in this case the Board, to obtain permission to decide a motion to correct a clerical mistake before or after review is accepted by an appellate court. If the Board's determination of the motion will change a decision being reviewed by an appellate court, in this case the superior court, the appellate court's permission must be obtained before formal entry of the Board's decision. See RAP 7.2(e). A party should seek the required permission by motion. Id. Accordingly, even if a case is on appeal, the Board can still decide a CR 60(a) motion.

The Hospital's CR 60(a) motion did not extend the 30 day period in RCW 51.52.110 for filing an appeal. The Hospital filed its appeal 45 days after the Board denied its petition for review. Accordingly, the trial court lacked subject matter jurisdiction to hear the appeal.[4]

---

[4] The Hospital argues in the alternative that, even if its appeal was untimely, this court should grant it equitable relief. It explains that it relied on prior Board actions issuing an amended decision and order in response to a CR 60 motion. And, it states that it "acted diligently in pursuing its rights in an attempt to seek amendment of the [decision and order] to perfect the record, and to provide the most accurate [decision and order] for its [s]uperior [c]ourt appeal." However, the Hospital cites no authority to support that equitable relief is appropriate where a party fails to timely appeal a Board's decision and order. Accordingly, we decline to grant the Hospital equitable relief.

11

## III. Attorney Fees

Rice requests that she be awarded attorney fees and costs pursuant to RAP 18.1 and RCW 51.52.130. Under RAP 18.1(a), this court may grant a party its reasonable attorney fees on appeal when an applicable law allows. RCW 51.52.130(1) requires a court to award a worker attorney fees "if in an appeal by the department or employer the worker or beneficiary's right to relief is sustained." Because we affirm, Rice's right to relief is sustained. Thus, we grant her request for attorney fees.

We affirm.

WE CONCUR: